WINTHROP ROCKEFELLER, GOVERNOR, ET AL v.
ED FAVER SMITH, ET AL

5-4866 440 S.W. 2d 580

Opinion Delivered May 5, 1969
[Rehearing denied June 2, 1969.]

820

 ██

*Joe Purcell,* Atty. Gen.; *Don Langston,* Asst. Atty. Gen., for appellant.

*Cockrill, Laser, McGehee, Sharp & Boswell* for appellees.

*Kirsch, Cathey & Brown* (for appellee Greene Co. and Reed, County Judge).

JOHN A. FOGLEMAN, Justice. Appellants in this case constitute The Board of Apportionment of the State of Arkansas created by Amendment No. 45 to the Constitution of Arkansas. Appellees consist of citizens and residents of Pulaski, Jackson, Hempstead, Lonoke and Searcy Counties, a member of the Republican Party of Arkansas, Greene County and negro electors and small wage earners of Pulaski County. Some of them became parties by intervention. The same relief was sought by all of the appellees. They prayed that the reapportionment plan filed by appellants with the Secretary of the State of Arkansas and the United States District Court on July 15, 1965, be declared unconstitutional and void. They also asked that the appellants be granted a reasonable time within which to adopt a reapportionment plan in conformity with constitutional requirements by subdividing multi-membered districts

and that the Pulaski Circuit Court subdivide these districts if The Board of Apportionment failed to act within a reasonable time. By demurrer appellants raised a question as to the jurisdiction of the court over the subject matter of the action. The demurrer was overruled and, after hearing evidence, the circuit court found in favor of the appellees and entered a judgment directing appellants to make a study of the present apportionment system and to redistrict where they found areas not appropriately subdistricted to insure distribution of legislators in a fair and representative manner.

The trial court specifically ordered: that the senatorial district composed of Pulaski and Lonoke Counties be redistricted so as to assure that the voting strength of any political, racial, economic or geographically cohesive group is not minimized or canceled; and that the house district composed of Craighead and Greene Counties, that composed of Searcy, Marion and Pope Counties, that composed of Newton and Johnson Counties be redistricted in the same manner. The trial court directed that The Board of Apportionment in all cases effect a redistricting which would create single-member districts unless valid and compelling reasons exist which require the creation of multimember districts in certain areas. The court's direction to the board required reapportionment on the basis of the 1960 census figures, but it is not clear whether the court intended that this reapportionment be the basis for use in the election of 1970 with adjustments being made on the basis of preliminary federal census figures as a compliance with § 4 of Amendment No. 45 or whether there should be a reapportionment on this basis for the elections of 1970 and that an additional apportionment be made on the basis of the final census figures by February 1, 1971. The trial court's memorandum opinion, in stating the principles to be followed by The Board of Apportionment, indicated that floterial districts should be composed of a combination of relatively small counties, rather than having some of these counties attached to larger counties and that tradition-

822

ally Republican counties be grouped together, rather than attached to more populous counties.

Many interesting and forceful arguments for single-member districts are advanced by appellees. In view of the fact that we find that the trial court was without jurisdiction in this matter, no useful purpose would be served in dwelling upon these arguments. It is sufficient to say that some of them would be more appropriately directed to The Board of Apportionment. We note that many of them have already been rejected as a basis for holding Congressional District reapportionments unconstitutional in the recent cases of *Kirkpatrick* v. *Preisler*, 394 U.S. 526, 89 S. Ct. 1225, 22 L. Ed. 2d 519, and *Wells* v. *Rockefeller,* 394 U.S. 542, 89 S. Ct. 1234, 22 L. Ed 2d 535, both decided on April 7, 1969.

Section 5 of Amendment 45 reads:

"Original jurisdiction (to be exercised on application of any citizens and taxpayers) is hereby vested in the Supreme Court of this State (a) to compel (by mandamus or otherwise) the Board to perform its duties as here directed and (b) to revise any arbitrary action of or abuse of discretion by the Board in making such apportionment; provided any such application for revision shall be filed with said Court within 30 days after the filing of the report of apportionment by said Board with the Secretary of State; if revised by the Court, a certified copy of its judgment shall be by the clerk thereof forthwith transmitted to the Secretary of State, and thereupon be and become a substitute for the apportionment made by the Board."

The proceeding by appellees could be classified both as a proceeding to compel the board to perform its duties and as a proceeding to revise alleged arbitrary action of, or abuse of discretion by, the board in making the 1965 apportionment. That apportionment was ap-

proved by the three-judge court which heard the matter and its judgment affirmed by the United States Supreme Court. *Yancey* v. *Faubus,* 251 F. Supp. 998 (1965); *Crawford County Bar Association* v. *Faubus,* 383 U.S. 271, 86 S. Ct. 933, 15 L. Ed. 750 (1966). The trial court entered an order which, in substance if not in form, was a writ of mandamus to the board to perform its duties in a manner prescribed by the trial court. By that order the Circuit Court of Pulaski County assumed jurisdiction to make a reapportionment of the state itself if appellants failed to do so within a reasonable time. Under the clear and implicit language of the section of Amendment 45 hereinabove quoted there is no jurisdiction in any Arkansas court to take the action sought by appellees except the supreme court.

One of the appellees argues that this court has no original jurisdiction more than thirty days after the filing of the report of apportionment by the board. We find no substance in this argument. The thirty-day limitation applies only to actions to revise an apportionment made by the board such as was done in *Shaw, Autry and Shofner* v. *Adkins, Governor,* 202 Ark. 856, 153 S.W. 2d 415.[1] There is no time limitation on the filing of actions to compel the board to perform its duties. Appellees rely on such cases as *Bailey* v. *Abington,* 201 Ark. 1072, 148 S.W. 2d 176; *Butler* v. *Democratic State Committee,* 204 Ark. 14, 160 S.W. 2d 494; *Faubus* v. *Kinney,* 239 Ark. 443, 389 S.W. 2d 887; *Block* v. *Allen,* 241 Ark. 970, 411 S.W. 2d 21, to indicate that this court's original jurisdiction is not exclusive. There is no merit in this contention. In only one of these cases was The Board of Apportionment a party. In none of them was any effort made to compel the board to do anything. For the most part, litigation in those cases concerned the effect of reapportionments made by The Board of Apportionment. The lone exception is *Faubus* v. *Kinney,* where

---

[1]No action was filed in this court seeking to have a revision of the 1965 reapportionment.

the question was whether the board had any authority, or even existed, in view of the holding by the United States District Court in *Yancey* v. *Faubus,* 238 F. Supp. 290, that parts of Amendment 45 were unconstitutional. We find nothing in the language of the constitutional amendment to indicate that any Arkansas court other than this one has any jurisdiction. It would be strange indeed, if this court should be vested with both original and appellate jurisdiction in these cases. We hold that the jurisdiction of this court in these matters is exclusive.

The action of the circuit court in overruling appellants' demurrer was erroneous. Since the trial court had no jurisdiction, the action is dismissed.