# CITY OF SHERWOOD v.
# DUPREE COMPANY

77-376                                              566 S.W. 2d 746

Opinion delivered May 15, 1978
(Division I)

*Bob Dawson,* for appellant.

*Lesly W. Mattingly,* for appellee.

GEORGE ROSE SMITH, Justice. This appeal is from a decree of the chancery court holding that the action of the City of Sherwood, purporting to vacate the last 120 feet of Oneida Street, was arbitrary and therefore invalid. We agree with the trial court.

Oneida is a comparatively short street in a residential subdivision called Indianhead Lake Estates. When the subdivision was platted, the area was under the jurisdiction of the Planning Commission of the City of Jacksonville. At its north end Oneida makes a westward turn and becomes a

continuation of Narragansett Street. The appellee, Dupree Company, owns North Lake Subdivision, which lies immediately north of Indianhead Lake Estates. The Jacksonville Planning Commission, in approving the two proposed subdivisions, required that Oneida Street be dedicated as a public street for a distance of 120 feet north of its intersection with Narragansett. The purpose of that 120-foot stub was to carry the street to the north boundary of Indianhead Lake Estates, which is also the south boundary of North Lake Subdivision, thus providing a southern exit for the latter subdivision. The Dupree Company incurred very substantial expense in developing its subdivision on the assumption that the company could continue Oneida Street northward through the subdivision, providing the southern exit required by the Planning Commission.

On September 8, 1976, the City of Sherwood annexed the Indianhead Lake Estates subdivision, thereby taking the area away from the jurisdiction of the City of Jacksonville. Nineteen days later the Sherwood city council adopted Ordinance 311, closing that part of Oneida Street running north from its intersection with Narragansett. The ordinance recited that the action was being taken because through traffic would endanger small children living in Indianhead Lake Estates. The Dupree Company brought this suit for a decree declaring Ordinance 311 to be void and enjoining the city from closing the 120-foot extension of the street.

A city, under a statute almost a century old, has the power to vacate a portion of a street not needed for corporate purposes. Ark. Stat. Ann. § 19-2304 (Repl. 1968). The appellant concedes, however, that the power cannot be exercised in an unreasonable, arbitrary, and oppressive manner. *City of Little Rock* v. *Linn*, 245 Ark. 260, 432 S.W. 2d 455 (1968). Hence the controlling issue is whether the City of Sherwood acted arbitrarily in adopting Ordinance 311.

Although the property owner at the dead end of a cul-de-sac does not have all the rights of a lateral property owner, his right to unobstructed access to the street has been recognized. *Johnson* v. *Town of Watertown*, 131 Conn. 84, 38 A. 2d 1 (1944); *Royal Transit* v. *Village of West Milwaukee*, 266 Wis. 271, 63 N.W. 2d 62 (1954). That right of access is especially

clear in the case at bar, because the 120-foot extension of Oneida Street was required by the Planning Commission for the specific purpose of giving the Dupree Company access to that street. The company incurred great expense in developing its subdivision in reliance upon its continued access to Oneida. In the circumstances the developer's right of ingress and egress is a property right that cannot be taken away by the city, at least without the payment of just compensation. *Flake* v. *Thompson, Inc.*, 249 Ark. 713, 460 S.W. 2d 789 (1970). Thus the chancellor was right in concluding that Ordinance 311 was arbitrary and invalid.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.