Frank BIZZELL et al *v.* Frank WHITE, Governor of the State of Arkansas et al

81-159                                             625 S.W. 2d 528

Supreme Court of Arkansas
Opinion delivered December 21, 1982

512

*Elrod & Lee* and *Lonnie C. Turner,* for plaintiffs.

*Steve Clark,* Atty. Gen., by: *R. B. Friedlander,* Asst. Atty. Gen., for defendants.

Per Curiam. The plaintiffs, citizens and taxpayers of this state, brought this original action in the Supreme Court of Arkansas pursuant to Amendment 45 § 5, which amends Art. 8, as amended by Amendment 23, of the Constitution of Arkansas (1874). The action is against Frank White, Paul Riviere and Steve Clark in their respective capacities of Governor, Secretary of State and Attorney General, who constitute the membership of the Board of Apportionment. The complaint challenged the composition of Senate District 7 as approved by the Board of Apportionment with the Governor dissenting. Plaintiffs allege the proposed boundary lines of District 7 will result in violating their substantive due process rights and equal protection of the law as guaranteed by the state and federal constitutions. They further allege that District 7 is neither compact nor contiguous and was intended to and does, in fact, isolate and cause to be ineffective the voting strength of those citizens who vote in three designated townships in the proposed District 7. They ask that this court redraw the boundary lines of District 7 to correct the asserted arbitrary action and abuse of discretion of the Apportionment Board and, further,

revise only the boundary lines of adjacent senatorial districts made necessary by this court's revision of District 7.

This action was commenced on July 14, 1981, or within 30 days as required after the Board of Apportionment filed, on July 13, 1981, its report of apportionment with the Secretary of State. The defendant Governor filed an answer in which he virtually admitted the allegations of the complaint. Defendants Riviere and Clark, on July 27, 1981, filed a motion to dismiss on the ground that the complaint failed to state a cause of action as it attacked only a local area or portion of the statewide reapportionment plan. The plaintiffs have not amended their complaint although they reserved that right. Instead, they chose to stand on it. This court ordered the parties to brief the threshold question of whether an action would properly lie if it attacks less than the full apportionment plan.

The only question for determination presented, therefore, is whether a valid cause of action is alleged in the complaint. We believe the complaint does not state a proper cause of action pursuant to Amendment 45 § 5, which amends Art. 8, as amended by Amendment 23 of our state constitution. The pertinent provisions provide that any citizens or taxpayers may file an action here to (a) compel the Board to perform its duties, and (b) to revise any arbitrary action or abuse of discretion by the Board in making its reapportionment, provided that action for revision is brought within 30 days from the filing of the reapportionment report with the office of the Secretary of State.

Plaintiffs' admitted attempt to contain their attack to a local area cannot restrict the remedy; i.e., that an analysis of the statewide senatorial plan shows that the reapportionment is unconstitutional. In every reapportionment case before this court, the challenge has been or is recognized as being one to the entire plan itself, a claim that it was illegal. *Rockefeller* v. *Smith,* 246 Ark. 819, 440 S.W. 2d 580 (1969); *Faubus, Governor* v. *Kinney,* 239 Ark. 443, 389 S.W. 2d 887 (1965); *Stevens* v. *Faubus, Governor,* 234 Ark. 826, 354 S.W. 2d 707 (1962); *Pickens* v. *The Board of Apportionment,* 220 Ark. 145, 246 S.W. 2d 556 (1952); *Smith* v. *The Board of*

*Apportionment,* 219 Ark. 611, 243 S.W. 2d 755 (1951); and *Shaw, Autry and Shofner* v. *Adkins, Governor,* 202 Ark. 856, 154 S.W. 2d 415 (1941). That is the required cause of action. In this case the complaint is captioned: "Complaint Applying for Revision of New State Senate District 7." Nowhere in the complaint is it stated or alleged that the entire plan itself is illegal or the result of arbitrary action. In the request for relief the complaint only asks the lines be redrawn in one district so as not to discriminate against the voters in three townships: Hico and Ball in Benton County and White Oak in Franklin County.

The Board has drawn or fashioned each of the 35 individual senatorial districts to achieve, as nearly as practical after considering pertinent factors, substantial equal population, as is required by our federal constitution. *Reynolds* v. *Sims,* 377 U.S. 533 (1963); *Maryland Committee* v. *Tawes,* 377 U.S. 656 (1963); and *Lucas* v. *Colorado General Assembly,* 377 U.S. 713 (1963). To the same effect see our own cases cited *supra.* The redrawing of one district, as here, would unavoidably result in a "ripple" effect which admittedly would require a readjustment of other districts. Plaintiffs argue, however, that the "ripple" would be limited to only those districts immediately adjacent to District 7 which would be at the most six districts. The question naturally arises, where would the "ripple" stop?

The plan is not a piecemeal plan. It was made for the entire state and every decision that went into it necessarily affects every district in the state. We cannot say, going into such a lawsuit, that only District 7 will be considered and its grievance heard. That would be like a taxpayer's lawsuit which claims that a tax is illegal as to one taxpayer and perhaps some others but should be declared illegal only as to the complaining party.

The plaintiffs choose to attack the plan as arbitrary. Essentially their claim is that the formation of District 7 was based purely on political consideration and that the intent of the people was secondary. The plaintiffs also suggest several other districts were formed to favor incumbents. Even if those claims be valid, no claim is made that such action

would or should void the plan. Instead only three townships seek relief for themselves.

Although plaintiffs concede that it may be necessary to review other adjacent proposed districts and even alter them, they refuse to request the action or even challenge the whole plan. They state, with commendable candor, that they "have no direct concern regarding what the Board of Apportionment might or might not have done" in other counties or distant parts of the state. "That is essentially none of our business, and we have no desire to make it such . . . . [A] redrawing of the entire Senate apportionment plan is simply not necessary nor is it requested."

If we were going to accept this complaint as stating a valid or *prima facie* cause of action, i.e., one can challenge only a part of a comprehensive statewide plan, then there could be 35 different challenges to the plan. Our decision would not preclude another district from being timely challenged in a separate lawsuit. Necessarily a challenge must be made to the whole plan. While it might be demonstrated that one district, as here, is illegally drawn, or arbitrarily created, the challenge and possible relief cannot be so limited in area. That is exactly what the plaintiffs propose.

In *Smith* v. *The Board of Apportionment, supra,* the issue presented there, whether the complaint states a cause of action, was skirted. The complaint was filed by citizens of Pulaski County alleging under-representation in that senatorial district based on numerical standards. Both the majority and dissenting opinions recognized that this court could not be limited to its analysis of only one district. However, the court, on its own, considered and analyzed statewide the inequities in other districts. Here, the plaintiffs affirmatively disclaim this type of review and assert it is unnecessary. Significantly, in *Smith* there was no motion to dismiss. Here, there is. We accepted briefs by the parties on this one issue because if the complaint fails to state a cause of action, the case is terminated.

It appears that the plaintiffs cannot amend their

complaint to state a cause of action at this stage of the proceedings. A cause of action for revision must be filed within thirty days after the reapportionment plan is filed. Ark. Const. Amend. 45. As an analogous situation, our cases regarding elections hold that an amendment to a complaint after a certain time period is not permitted when a new cause of action is stated. *Bland* v. *Benton,* 171 Ark. 805, 286 S.W. 976 (1926); *Moore* v. *Childers,* 186 Ark. 563, 54 S.W. 2d 409 (1932); *Wilson* v. *Ellis,* 230 Ark. 775, 324 S.W. 2d 513 (1959); and *William H. Jones* v. *Etheridge,* 242 Ark. 907, 416 S.W. 2d 306 (1967). Here no valid or *prima facie* cause of action was stated. To permit an amendment stating a cause of action at this stage of the proceedings would be allowing the plaintiffs to first do so months after the expiration of the 30 day time limitation provided by our constitution. No doubt the drafters of Art. 8, § 5, as amended by Amendments 23 and 45, each providing for a 30 day time limitation, desired that a reapportionment plan have some degree of stability and finality. In the circumstances, the motion to dismiss is granted.

ADKISSON, C.J., and PURTLE and DUDLEY, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion in this case. The complaint in this case challenged the composition of Senate District No. 7 as being violative of the Arkansas Constitution. They alleged the district was neither compact nor contiguous and intentionally isolated and caused to be ineffective the voting strength of those citizens in three designated townships in District No. 7. They further alleged the district was drawn in an arbitrary and abusive manner by the Board of Apportionment. These allegations are acts prohibited by the Board of Apportionment. Certainly, there is no logical or valid reason to require the plaintiffs to attack the entire state plan when the only knowledge they have concerns the district wherein they reside. In fact, if one district is challenged, it is a challenge to the entire plan. This case is not unlike that of *Smith* v. *The Board of Apportionment,* 219 Ark. 611, 243 S.W. 2d 755 (1951), wherein we stated:

Although the petitioners are citizens of Pulaski County

and the Thirteenth Senatorial District, the objections they offer to the Board's plan of reapportionment without change is in a sense state-wide.

In *Smith* the members of one district sought to have an additional senator added to their district. In dealing with the case on its merits we treated it as an attack on the entire plan. We remanded the matter to the Board of Apportionment with directions to draw a plan to allow District No. 13 at least three senators instead of two as provided in the plan approved by the Board.

If, for example, District No. 7, as presently composed, contains only 35,000 inhabitants and District No. 8, or any other district adjacent to District No. 7, contained 95,600 inhabitants, it would be obvious that corrective action was demanded. If, for example, a line could be drawn between the existing District No. 7 and an adjacent district whereby 30,300 residents from the adjacent district would become a part of District No. 7, then there would be two districts each containing 65,300. However, we will never know whether this is the case because the plaintiffs have been denied the right to offer their proof. And contrary to what the majority has stated concerning its decision, "Our decision would not preclude another district from being timely challenged in a separate lawsuit," the time within which the plan could be challenged ended 30 days after the Board of Apportionment filed the plan with the Secretary of State (July 13, 1981), effectively precluding any further suits challenging the plan.

I disagree with the majority opinion when it states that a portion of the reapportionment plan for the state cannot be attacked unless the entire plan is attacked. If a dog bites my ankle, he has surely attacked my body as a whole.

ADKISSON, C.J., and DUDLEY, J., join in this dissent.