Tom TAYLOR, Gary LAWSON, James H. WYLIE,
Ray A. WATERS, Jr. and Phillip J. FOSTER
v. Bill CLINTON, Governor, Steve CLARK, Attorney
General, and Paul RIVIERE, Secretary of State,
Constituting the Board of Apportionment
of the STATE of Arkansas

84-118                                                680 S.W.2d 98

Supreme Court of Arkansas
Opinion delivered December 3, 1984

*James F. Lane,* for petitioners.

172

*Steve Clark,* Att'y Gen., by: *R. B. Friedlander,* Deputy Chief of Staff, for appellee.

P. A. HOLLINGSWORTH, Justice. This is an original action in the Supreme Court of Arkansas for a Writ of Mandamus ordering the Board of Apportionment of the State of Arkansas, and its individual members, to redistrict the legislature so that each county would have at least one representative. Each of the petitioners attempted to file nominating petitions with the Secretary of State to become independent candidates for the Arkansas House of Representatives for his resident county only. Each petition was filed prior to the deadline. All of the petitions were refused. This action is brought by petition pursuant to Ark. Const. amend. 45, § 2. The respondents contend that the petition was not timely filed and that it fails to state a cause of action according to the equal protection clause of the fourteenth amendment of the Constitution of the United States.

We believe that the petition must be denied for the below stated reasons.

Upon consideration of the respondents' first contention that the petition was not timely filed, we have determined that the petition was late. Ark. Const. amend. 45, § 5 gives this Court original jurisdiction only if the application for revision of the apportionment is filed thirty days after the report for apportionment is filed by the Board of Apportionment with the Seretary of State. We have upheld this time limitation, reasoning that it was necessary to give the reapportionment plan a degree of stability and finality. *Bizzell* v. *White, Governor,* 274 Ark. 511, 625 S.W.2d 528 (1982).

The report from the Board was filed July 13, 1981. The petitioners filed their petition on April 26, 1984, two and a half years after the report was filed. The petitioners contend that the filing limitation applies only if the petition seeks to revise the apportionment. *Rockefeller* v. *Smith,* 246 Ark. 819, 440 S.W.2d 580 (1969). The petitioners argue that the petition in this case is not requesting a revision but rather seeks to order the Board to comply with the amendment by

allocating one representative district to each county. However, this argument is erroneous. The petition is requesting a revision of the 1981 reapportionment report. The duty of the Board has been satisfied. Since the petition was not filed within the thirty day time limit, the petition is late according to the language of the amendment.

Respondents assert that the petitioners do not have a cause of action under amendment 45, section 2. We agree. That section states in pertinent part that "the House of Representatives shall consist of 100 members and each county existing at the time of any apportionment shall have at least one representative . . ." This section has previously been held unconstitutional insofar as the boundary lines of the representative districts are concerned. *Yancey* v. *Faubus*, 238 F. Supp. 290 (D.C. Ark. 1965). We have also held "county boundary lines may be traversed in the formation of legislative and senatorial districts." *Wells* v. *White, Governor*, 274 Ark. 197, 623 S.W.2d 187 (1981). The underpinning of these decisions was the principle of one man, one vote and the equal protection clause of the fourteenth amendment to the Constitution of the United States. *Reynolds* v. *Sims*, 377 U.S. 533 (1964).

A review of apportionment cases is of some value. In *Baker* v. *Carr*, 369 U.S. 186 (1962), the Supreme Court held that the constitutionality of a state's apportionment of its legislature presented a justiciable issue under the equal protection clause of the fourteenth amendment. The following year, the Court invalidated Georgia's county unit method of electing its governor, holding that under the equal protection clause every voter is entitled to a vote equal in weight to the vote of every other voter in a statewide primary. *Gray* v. *Sanders*, 372 U.S. 368 (1963). In *Wesberry* v. *Sanders*, 376 U.S. 1 (1964), a case involving congressional apportionment, the Court, acting under U.S. Const. art. I, § 2, declared that the rule of "one man, one vote" is a fundamental idea of democratic government. The holding in *Wesberry* was that congressional districts must be drawn so as to be approximately equal in population. The next line of cases dealt with the apportionment of state legislatures. In *Reynolds* v. *Sims*, 377 U.S. 533 (1964), the first of six state

apportionment cases decided on the same day, the Court reinforced the area of justiciability established in *Baker* v. *Carr.* The equal protection clause was applied to state legislatures and the Court held that representatives of both chambers must be apportioned by population. Although the Court stated that some divergence in one or both houses would be permissible "incident to the effectuation of a rational state policy," it was specifically stated that "considerations of area alone provide an insufficient justification for deviations from the equal-population principle."

The Court mentioned only one factor that might justify minor departures from roughly equal weighting of votes by stating, "A consideration that appears to be of more substance in justifying some deviations from population-based representation in state legislatures is that of insuring some voice to political subdivisions, as political subdivisions." However, this desire to give some voice to each of a state's political subdivisions seems justified only when they have responsibilities in carrying out state policies and programs.

In *Mahan* v. *Howell,* 410 U.S. 315 (1973), the Court upheld a reapportionment plan of the Virginia House of Delegates which followed the county lines with the exception of one. Even though the Court held it was proper for the reapportionment board to consider county lines, the high court pointed out that the primary consideration is the numerical equality of the districts.

The petitioners here believe that the one man, one vote principle is being revised by the Court in recent years and more authority is being returned to the counties. They cite the most recent case, *Brown* v. *Thomson,* 103 S.Ct. 2690 (1983), as evidence of the Court's shift away from the one man, one vote principle toward upholding county lines. In that case, the Court upheld a Wyoming reapportionment plan which was based on the county lines. We think otherwise. The court based its decision on the state constitution, the state's history, and legislative apportionment history. Wyoming has always apportioned according to the boundary lines. Wyoming counties have been important state administrative vehicles.

Arkansas counties do not hold the position in the state government that Wyoming has given to its counties. The legislature has not been apportioned according to county lines since 1965. Even though the constitutional amendment has a provision for which each county should have at least one representative, that provision has been determined to be unconstitutional. The situation in Arkansas is not analogous to that in Wyoming.

The precise issue in *Brown* was whether the equal protection clause has been violated by allocating a legislative seat to a county which had a population lower than the average population of the other districts. The Court said it has not, due to the state's consistent application of this method of apportionment, and the creation of the district did not create the deviations in population equality in the other districts. The Court stated the deviations are the result of a consistent and non-discriminatory application of a legitimate state policy. This reasoning is consistent with the decision in *Reynolds*.

We also note the dissent in *Brown* v. *Thompson* that states the holding today is "extraordinarily narrow," and "empty of likely precedential value."

The population of Arkansas counties is varied. Some counties have a relatively small population, whereas Pulaski County is heavily populated. The Board of Apportionment must apportion the legislative districts according to population. To be in compliance with the equal protection clause of the Fourteenth Amendment and *Reynolds* v. *Sims,* the districts must be of as nearly equal population as is possible. In order to achieve equal population in the legislative districts, it is necessary to cross the county lines. *Wells, supra.* Therefore, we must deny the petition.

Writ denied.

Hickman, J., concurs.

DARRELL HICKMAN, Justice, concurring. I concur in the result, but emphasize three things.

First, the petitioners are not necessarily untimely. If they are, the majority should simply stop there. The challenge is not that the reapportionment for the 1980's was unconstitutional for violating the "one man, one vote" principle; it is a challenge of the reapportionment based on a recent Supreme Court decision. It is conceivable to me that a constitutional challenge *could* be made after the thirty day period, alleging extraordinary circumstances. This case does not. We decided in a prior case that the Arkansas constitutional provision for each county to have at least one representative had to give way to the "one man, one vote" principle. *Wells* v. *White,* 274 Ark. 197, 623 S.W.2d 187 (1981). That rule has not been altered in the least by the U.S. Supreme Court.

The second point I emphasize is that counties can and should be a consideration, just as natural boundaries can be a legitimate consideration on drawing lines for representatives. See *Kelly* v. *Bumpers,* 340 F. Supp. 568 (E.D.Ark. 1972), aff'd., 413 U.S. 901 (1973).

My third point is strictly a personal observation. This is the third suit filed pertaining to the 1980 reapportionment and oddly none have challenged the plan itself. The first suit sought only to realign a few lines in one county. *Bizzell* v. *White,* 274 Ark. 511, 625 S.W.2d 528 (1982). The second was a decision on the question before us. *Wells* v. *White, supra.* To my knowledge, in the past a suit has been filed challenging the entire plan. See, e.g. *Smith* v. *Bd. of Apportionment,* 219 Ark. 611, 243 S.W.2d 755 (1951); *Faubus* v. *Kinney,* 239 Ark. 443, 389 S.W.2d 887 (1962); *Kelly* v. *Bumpers, supra.* Those cases served a useful purpose. They settled the matter once and for all. For the benefit of those who hold office, seek office and vote, this sort of matter ought to be settled soon. All legitimate questions ought to be answered early so government can proceed without fear of disruption. Also I point out, especially to those responsible for reapportionment, that the primary and only legitimate duty they have is to create districts to serve the electorate — the state. Drawing districts to favor incumbents is not a factor that can be or should be considered. This criticism was leveled at the 1980 plan but never properly presented. I must say some

districts do have unusual boundary lines that might support the argument.