Thomas B. HARVEY *v.* Bill CLINTON, Governor of the State of Arkansas; Jim Guy Tucker, Lieutenant Governor and Acting Governor When the Governor is Absent from the State; William J. "Bill" McCuen, Secretary of State; Winston Bryant, Attorney General; and the Board of Apportionment

91-346                                               821 S.W.2d 777

Supreme Court of Arkansas
Opinion delivered January 10, 1992

*Charles Karr* and *W. Asa Hutchinson*, for appellant.

*Winston Bryant*, Att'y Gen., *Tim Humphries*, Asst. Att'y Gen., for appellees.

PER CURIAM. Petitioner requests this court for a writ of mandamus compelling the respondents, as members of the Board of Apportionment (Board), to file their report of apportionment with the Secretary of State as required by Art. 8, § 4, of the Arkansas Constitution, as amended by Amendments 23 and 45 to the Constitution. Petitioner asserts the Board's plan of apportionment was adopted on October 29, 1991, but never filed. Respondents answered, stating that the Board's plan is under the jurisdiction of the federal court in *Jeffers* v. *Clinton,* 740 F. Supp. 585 (E.D. Ark. 1990), and petitioner is premature until the federal court relinquishes jurisdiction of the Board's plan. Respondents do not deny Petitioner's claims that the Board adopted its apportionment plan on October 29, 1991, and has failed to file it with the Secretary of State.

Section 4 of Article 8 provides as follows:

On or before February 1 immediately following each Federal census, said board shall reapportion the State for Representatives, and in each instance said *board shall file its report with the Secretary of State*, setting forth (a) the basis of population adopted for representatives; (b) the number of representatives assigned to each county; whereupon, after 30 days from such filing date, the apportionment thus made shall become effective unless proceedings for revision be instituted in the Supreme Court within said period. [As amended by Const. Amends. 23 and 45.] (Emphasis added.)

Further, Section 5 of Art. 8 places original jurisdiction with this court in reviewing the Board's apportionment duties and reads as follows:

Original jurisdiction (to be exercised on application of any citizens and taxpayers) is hereby vested in the Supreme Court of the State (a) to compel (by mandamus or otherwise) the board to perform its duties as here directed and (b) to revise any arbitrary action of or abuse of discretion by the board in making such apportionment; provided any such application for revision shall be filed with said Court within 30 days after the filing of the report of apportionment by said board with the Secretary of State; if revised by the court, a certified copy of its judgment shall be by the clerk thereof forthwith transmitted to the Secretary of State, and thereupon be and become a substitute for the apportionment made by the board. [As amended by Const. Amends. 23 and 45.]

From the above, the Board had the duty to file its report with the Secretary of State and that report becomes final unless revision proceedings are instituted within thirty days after its having been filed. Clearly, the Board is not relieved of its duty to file its report as directed under Article 8 of the Arkansas Constitution merely because litigation related to apportionment is pending in federal court. Original and exclusive jurisdiction is vested in this court to compel the Board to perform its duties as are provided by the Arkansas Constitution. *See Rockefeller* v. *Smith*, 246 Ark. 819, 440 S.W.2d 580 (1969). Because the Board's plan of apportionment was adopted on October 29, 1991,

and never filed with the Secretary of State, we order the Board to file its plan forthwith. Petitioner's other requests for relief, including revision of the Board's apportionment plan, are premature until the plan is filed.