Harvey DUENNENBERG, Warren Johnson, and the City of Fort Smith, Arkansas *v.* CITY OF BARLING, Arkansas

92-132                                    832 S.W.2d 237

Supreme Court of Arkansas
Opinion delivered June 8, 1992

542

*Dailey, West, Core, Coffman, & Canfield,* by: *Jerry L. Canfield,* for appellants.

*Prior, Barry, Smith, Karber, & Alford,* by: *Gregory T. Karber,* for appellee.

STEELE HAYS, Justice. This is an election contest. The City of Barling (appellee/defendant) proposed to annex eight sections of land and portions of another ten sections belonging to the federal government and lying in Fort Chaffee, Sebastian County (Greenwood District), Arkansas. In furtherance of that objective Barling adopted Ordinance No. 202 providing for a special election on June 11, 1991, to consider the proposed annexation. Three days later Ordinance No. 202 was repealed and replaced by Ordinance No. 203, the only difference being a correction in the metes and bounds description of the lands subject to annexation. Both ordinances called for an election on the identical date - June 11.

On July 10 the City of Fort Smith, Warren Johnson and Harvey Duennenberg (appellants/plaintiffs) filed this action alleging that Ordinance No. 202 and the election held pursuant thereto were null and void because the election did not include qualified electors living within the area of annexation, the lands did not meet the criteria in Ark. Code Ann. § 14-40-302(a)(1-5)(1987), and because Ordinance 202 did not contain a proper legal description.

Barling moved to dismiss the complaint, asserting that Ordinance No. 202 was repealed by Ordinance 203 and hence the complaint failed to state facts upon which relief could be granted. Arkansas R. Civ. P. 12(b)(6). The plaintiffs filed an amended and substituted complaint on July 25 challenging the validity of the election as provided under Ordinance No. 203. Barling moved to dismiss the amended complaint as not being filed within thirty

days as provided in Ark. Code Ann. § 14-40-304 (1987). The circuit judge concluded the amended complaint was untimely and granted Barling's motion. This appeal followed. Finding merit in appellants' contentions, we reverse and remand for further proceedings on the substantive issues raised.

Citing *Carter* v. *F. W. Woolworth Co.*, 287 Ark. 39, 696 S.W.2d 318 (19875) and *Files* v. *Hill*, 286 Ark. 106, 594 S.W.2d 836 (1980), Barling urges that the face of the original complaint is flawed because of its reference to repealed Ordinance No. 202, hence, the amended complaint is a new cause of action.

■ If we could agree that the amended complaint raised a new cause of action, we would be obliged to affirm, as our cases regarding elections hold that an amendment to a complaint filed after the time for challenging an election is not permitted when a new cause of action is stated. *Bizzell* v. *White*, 274 Ark. 511, 625 S.W.2d 528 (1982); *Jones* v. *Etheridge*, 242 Ark. 907, 416 S.W.2d 306 (1967); *Wilson* v. *Ellis*, 230 Ark. 775, 324 S.W.2d 513 (1959); *Moore* v. *Childers*, 186 Ark. 563, 54 S.W.2d 409 (1932); *Bland* v. *Benton*, 171 Ark. 805, 286 S.W.2d 976 (1926). But we do not find that to be the case. We note, however, that paragraph 3(c) of the amended complaint alleges that Barling lacks the ability to provide significant municipal services to the area purportedly annexed. That allegation is not in the original complaint and enlarges on the cause of action timely instigated by Barling.

■ We have said that election contests have no common law existence; they are solely the creatures of constitution or statute. *Adams* v. *Dixie School District No. 7*, 264 Ark. 178, 570 S.W.2d 605 (1978). The statute with which we are here concerned is Ark. Code Ann. § 14-40-304(a) (1987):

> If it is alleged that the area proposed to be annexed does not conform to the requirements and standards prescribed in § 14-40-302, a legal action may be filed in the circuit court of the county where the lands lie, within thirty (30) days after the election, to nullify the election and to prohibit further proceedings pursuant to the election.

Appellants' original complaint alleges that Ordinance No. 202 *and* the special election held on June 11, 1991, "is void and a

nullity" for failing to comply with Arkansas statutes in the following respects:

> a.   The election held pursuant to Ordinance No. 202 did not include qualified electors living within the area proposed to be annexed.
>
> b.   The lands purportedly annexed by Ordinance No. 202 do not meet any of the criteria of an annexable land set forth in Arkansas Code Annotated § 14-40-302 (a) (1-5).
>
> c.   The said Ordinance No. 202 fails to provide a complete and accurate description of those portions of the land purportedly annexed lying within Section 1, 2, 3, 4, 5, 6, 7, 12, 13 and 18 of Township 7 North, Range 31 West, and is thus invalid by reason of vagueness and indefiniteness.

We find nothing in § 14-40-304 or in Chapter 40 of the Code requiring that the enabling ordinance be identified or specifically challenged. The reference in the original complaint to Ordinance No. 202 could be excised without leaving the pleading eviscerated. The complaint identifies the special election held on June 11, 1991, and sets out the alleged flaws in the annexation procedure. That suffices in the context presented.

Appellee's reliance on *Jones* v. *Etheridge, Bizzell* v. *White* and *Files* v. *Hill, supra,* is not persuasive. In those cases a cause of action was not stated in the original complaint. And while appellee contends that the original complaint in this case must fail for the same reason, the argument rests entirely on the fact that the original complaint refers to Ordinance No. 202, rather than 203.

■   That objection stresses form over substance. While this court has recognized the necessity for strict limitations on the time for challenging an election, it has at once declared that statutes providing for election contests should be liberally construed to the end that compliance with election laws may be assured. *Reed* v. *Baker,* 254 Ark. 631, 495 S.W.2d 849 (1973); *LaFarque* v. *Waggoner,* 189 Ark. 757, 75 S.W.2d 235 (1934); *Robinson* v. *Knowlton,* 183 Ark. 1127, 40 S.W.2d 450 (1931).

■   We conclude that the original complaint, which was timely, was not deficient in stating a cause of action and the later

amendment, which merely corrected an obvious error in the designation of the particular ordinance, was not essential to that cause of action.

Reversed and remanded for further proceedings.