CITY OF SPRINGDALE, Arkansas, a Municipal
Corporation, and Jeffery Lee Reeves *v.* The Incorporated
TOWN OF BETHEL HEIGHTS

92-737                                          845 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered January 19, 1993

*Jeff C. Harper*, Springdale City Att'y, for appellant City of
Springdale. *Cypert, Crouch, Clark & Harwell*, by: *James E.
Crouch*, for appellant Reeves.

*Richard S. Hardwicke*, Bethel Heights City Att'y, for appellee.

TOM GLAZE, Justice. In this annexation case, the Town Council of Bethel Heights, pursuant to Ark. Code Ann. § 14-40-301 to -303 (1987), passed Ordinance No. 42, which submitted to the town's voters the question of annexing seven separate tracts of land. After the election on November 6, 1991, the Benton County Election Commission tabulated votes and certified all tracts had been approved except tract four, which the voters rejected by twelve votes. The Commission later discovered that only one or two (or less than ten) voters in precinct Washington A were qualified to vote on the tract four annexation question, so it invalidated the votes from that precinct, leaving 52 votes for annexation and 33 against. The Commission then certified this final tally, but later mistakenly filed the original certification with the Secretary of State's office showing tract four's annexation had failed.

On May 16, 1991, and after the Benton County Election Commission tabulated and certified Bethel Heights' annexation election, Jeffery Lee Reeves, who owns property in the disputed tract four described above, petitioned pursuant to Ark. Code Ann. § 14-40-401 (1987) to have his property annexed to the City of Springdale. The Benton County Circuit Court subsequently entered an order granting Reeves' petition. However, Bethel Heights then intervened requesting the annexation order be set aside based on the grounds that Bethel Heights had already annexed tract four. The City of Springdale, claiming an interest in the property, was also allowed to intervene.

The Benton County Circuit Court later set aside its earlier order and denied Reeves' petition, finding the disputed tract four had already been annexed to Bethel Heights, and the court further held it could find no authority which allowed one city to annex a tract of land which belongs to another city at the time of the proposed annexation. While the trial court recognized Reeves' and Springdale's arguments that irregularities occurred in Bethel Heights' annexation of the disputed tract, it concluded such irregularity claims were barred by applicable limitation statutes. We agree and therefore affirm.

In this appeal, Reeves and the City of Springdale raise

several points for reversal, first, questioning the passage and validity of Ordinance No. 42 which submitted the annexation of tract four and the other tracts to the voters of Bethel Heights; second, arguing various other procedural reasons why Bethel Heights' annexation should be invalidated; and third, contending Bethel Heights' entry into the Springdale annexation proceeding was too late because no protest or objection was filed before the Benton County Circuit Court had entered its first order allowing annexation of Reeves' property. Most of the appellants' arguments are procedurally barred so we will discuss the limitation issue first.

Appellants complain Bethel Heights council's passage of its annexing ordinance No. 42 was defective because the council or its members failed to meet or violated certain by-laws and statutory requirements when adopting that ordinance. It is unnecessary to undertake a full discussion of each of appellants' arguments in this respect because they are procedurally barred under § 14-40-304 which is controlling and provides as follows:

> (a) If it is alleged that the area proposed to be annexed does not conform to the requirements and standards prescribed in § 14-40-302, *a legal action may be filed in the circuit court of the county where the lands lie, within thirty (30) days after the election*, to nullify the election and to prohibit further proceedings pursuant to the election.
> (b) In any such action filed in the circuit court of the county where the lands lie, *the court shall have jurisdiction and the authority to determine whether the procedures outlined in this subchapter have been complied with and whether the municipality has used the proper standards outlined in § 14-40-302 in determining the lands to be annexed.* (Emphasis added.)

■ It is undisputed that no one filed suit under the foregoing provision to challenge the procedures followed by Bethel Heights in calling its annexation election. Clearly, the Benton County Circuit Court had the jurisdiction and authority to consider and decide such issues under § 14-40-304(b) above if a complaining party had filed suit within thirty days of the November 6, 1991 election. Since neither appellants nor others

did so, appellants' attempt now to raise such an issue in this collateral proceeding must fail.

■ Appellants also offer the argument that § 14-40-303(b)(B)(i) required Bethel Heights to file a description and map of the annexed area and the correct election results with the county clerk and Secretary of State and the Town's failure to have filed such matters with the Secretary of State tolled the thirty-day requirement to bring suit under § 14-40-304 above. Such argument, however, ignores the language in paragraph (B)(ii) of the same provision that a municipality's annexation shall be effective thirty days following its filing the description and map of the annexed property with only the county clerk. Here, Bethel Heights undisputably filed a description and map with the county clerk, therefore making appellants' tolling argument meritless. Concerning appellants' argument that Bethel Heights had failed to file the correct election returns with the Secretary of State, we note that nothing in § 14-40-303 requires the filing of such returns with the Secretary of State. We would further mention that while such election returns are required to be certified by the election commission, that was done in this case. *See* Ark. Code Ann. § 7-5-801 (1987).[1]

■ Appellants further argue that Bethel Heights failed to file a timely objection in this proceeding and the circuit court's first annexation order entered in this cause should prevail. In reviewing the record, we find appellant Reeves did object to Bethel Heights' intervention, alleging the Town was barred by laches. In his same pleading, Reeves also alleged that the City of Springdale must be made a party and that Reeves had not previously been made aware of Bethel Heights having annexed his property. Of course, Springdale was made a party below and remains one in this appeal. However, the laches issue was not tried below, nor did the trial court rule on the issues. Appellants had an obligation to develop and to obtain a ruling on this matter below. We will not consider such matters raised for the first time

---

[1] We note that § 14-40-304 sets out the procedure to challenge the municipality's failure to comply with the annexation requirements and § 7-5-801 establishes the procedure to contest the election returns, e.g., whether the county election commission properly deducted the Washington A precinct returns. Both of these provisions were met and the limitations provision under each has run.

on appeal. *Gatlin* v. *Gatlin*, 306 Ark. 146, 811 S.W.2d 761 (1991). Regarding Reeves' failure of notice issue contained in his response below, we note this question, too, was not presented to, or at least not ruled on, by the trial court. In any event, appellants do not assert this issue as one of their points for reversal. Based upon our review of the record, we conclude the trial court properly proceeded in this cause when it set aside its earlier annexation order and denied Reeves' petition for annexation.

■ Finally, we are met with appellants' argument which is somewhat related to their charge Bethel Heights was too late in challenging the circuit court's first annexation order. Here, however, they suggest that regardless of the validity of Bethel Heights' prior annexation of tract four and Reeves' property therein, the law does not prohibit Reeves from voluntarily annexing the same land into the City of Springdale. As pointed out earlier, the circuit court held it could find no authority for allowing one city to annex to itself a tract of land already belonging to another city. We, too, find no such authority and appellants offer none. Certainly, the statutory provisions relied on by appellants do not specifically authorize one city to annex another's land. Their failure to cite any authority in support of this argument merits its dismissal. *McElroy* v. *Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991).