The Honorable Dave Bisbee State Representative 174 Pyramid Drive, Route 1 Rogers, AR 72756
Dear Representative Bisbee:
This is in response to your request for an opinion regarding the planning jurisdictions of the City of Bethel Heights and the City of Springdale. You note that Bethel Heights, in some instances, surrounds portions of Springdale that lie in Benton County. Your specific questions are as follows:
 1. When the planning jurisdictions of both cities overlap, and the cities do not agree to cooperate with each other, which city has planning jurisdiction?
 2. If any, by what method would Bethel Heights attempt to incorporate these areas into their city?
Your first question is, I believe, governed by A.C.A. §14-56-413(a), which states in relevant part:
 If the corporate limits of two (2) or more municipalities of the first or second class are less than ten (10) miles apart, the limits of their respective territorial jurisdictions shall be a line equidistant between them, or as agreed on by the respective municipalities.
A.C.A. § 14-56-413(a)(1)(B) (Cum. Supp. 1991).
I assume, from the facts presented in your request, that the corporate limits of these cities are less than ten miles apart. Thus, in response to your first question, the planning jurisdiction of each city extends to a line equidistant between them, in accordance with § 14-56-413(a)(1)(B), unless they agree otherwise.
It must be initially noted, in response to your second question, that there is no authority for a city to annex land belonging to another. City of Springdale v. Town of BethelHeights, 311 Ark. 497, 845 S.W.2d 1 (1993). Thus, if your question pertains to incorporated "areas" of Springdale, it is my opinion that Bethel Heights may not annex such territory.
If, however, your reference to "these areas" was intended to signify lands located within Springdale's planningjurisdiction, it is my opinion that such lands may be annexed to Bethel Heights. This was the conclusion reached in Attorney General Opinion 88-393, a copy of which is enclosed for your review. The basis for this conclusion is fully set forth in the Opinion.[1] As noted therein, the applicable requirements and standards under the annexation statutes will supply the method to be followed in that instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The case of City of Sherwood v. Dupree Co., 263 Ark. 442,566 S.W.2d 746 (1978) also suggests this conclusion. The case involved a dispute over Sherwood's closure of a street located in an area annexed to the city. At the time of annexation, the area was within the planning jurisdiction of the City of Jacksonville.263 Ark. at 442-443. No one disputed Sherwood's authority to annex the area. The case focused instead upon the city's power to close the street without just compensation to affected property owners.