Robert T. WILLIAMS, *et al. v.*
Bill HARMON, *et al.*

CA 99-23                                    999 S.W.2d 206

Court of Appeals of Arkansas
Division I
Opinion delivered September 22, 1999
[Petition for rehearing denied November 3, 1999.]

*James F. Lane, P.A.*, for appellants.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *David M. Fuqua*, for appellees.

JOHN B. ROBBINS, Chief Judge. This appeal involves a challenge to an annexation proceeding. We affirm the trial court's holding that the challenge is barred by the applicable limitation period.

On August 23, 1982, the City of Sherwood, through its then-elected mayor and city council, adopted Ordinance No. 515, which provided for annexation of certain real property. The ordinance was presented to the qualified electors of Sherwood at the November 2, 1982, general election, and the annexation was approved.

On May 2, 1995, the appellants, who are residents of the annexed property, filed suit against the appellees in their respective capacities as mayor and aldermen of Sherwood. Their complaint sought a declaratory judgment that Ordinance No. 515 was void because it omitted the schedule of services required by Ark. Code Ann. § 14-40-303(a)(2) (Repl. 1998). Alternatively, the appellants asked that the City of Sherwood be ordered to extend all services, including water, sewer, and fire protection, into the annexed area. In an amended complaint, the appellants dropped their alternative basis for relief.

The appellants moved for summary judgment, which was denied on April 23, 1998. The case was set for trial, but prior to trial the chancery court entered final judgment dismissing appellants' claim with prejudice. In its September 23, 1998 order, the chancery court concluded:

> 1. The central issue of this case was disposed of in the Court's Order of April [23], 1998, wherein the Court held that the Plaintiffs had failed to file their objections to Ordinance 515 of 1982 within thirty (30) days of the annexation election in accordance with the provisions of Ark. Code Ann. § 14-40-304.
>
> 2. Based upon the pleadings, affidavits filed in this case, exhibits, stipulations, and statements of counsel, the Court finds that the Amended Complaint of the Plaintiffs should be dismissed because the challenge to the annexation pursuant to Ordinance 515 of 1982 of the City of Sherwood, Arkansas, was not filed within thirty (30) days of the date of the annexation election as required by Ark. Code Ann. § 14-40-304, and the Court further finds that the claim of the Plaintiffs fails due to their laches in bringing the claim as well as because of estoppel in that the Plaintiffs acquiesced in the annexation for a long period of time, have participated in the municipal government of the City of Sher-

wood, Arkansas, and should not now be allowed to de-annex themselves from the City of Sherwood after receiving benefits and services provided by the City.

For reversal of the chancery court's order, the appellants argue that the court erred in dismissing the annex challenge because it was not filed within thirty days of the annexation election, and further erred in finding that their action was barred by laches and estoppel. The appellants submit that the trial court should have ruled that Ordinance No. 515 was void as a matter of law for failure to include the schedule of services as required by statute.

We find the disposition of this case to be controlled by Ark. Code Ann. § 14-40-304 (Repl. 1998), which provides:

(a) If it is alleged that the area proposed to be annexed does not conform to the requirements and standards prescribed in § 14-40-302, a legal action may be filed in the circuit court of the county where the lands lie, within thirty (30) days after the election, to nullify the election and to prohibit further proceedings pursuant to the election.

(b) In any such action filed in the circuit court of the county where the lands lie, the court shall have jurisdiction and the authority to determine whether the procedures outlined in this subchapter have been complied with and whether the municipality has used the proper standards outlined in § 14-40-302 in determining the lands to be annexed.

The appellants argue that the above authority is inapplicable because the appellees violated Ark. Code Ann. § 14-40-303(a)(2), which is not a subsection of Ark. Code Ann. § 14-40-302. However, we disagree.

■■ The Arkansas Supreme Court has stated that words in a statute are to be given their ordinary and common usage. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). Furthermore, when construing any statute, the statute is placed beside other statutes relevant to the subject matter in question so that its meaning and effect can be derived from the combined whole. *Vanderpool v. Fidelity & Cas. Ins. Co.*, 327 Ark. 407,

939 S.W.2d 280 (1997). In recent decisions, our supreme court has made it clear that the thirty-day limitation period prescribed in Ark. Code Ann. § 14-40-304 extends to challenges to procedures outlined in its subchapter, including those not enumerated in § 14-40-302.

In *City of Springdale v. Town of Bethel Heights*, 311 Ark. 497, 845 S.W.2d 1 (1993), the appellants complained that passage of an annexing ordinance by Bethel Heights' council was defective because the council or its members failed to meet or violated certain by-laws and statutory requirements when adopting the ordinance. In ruling that the action was procedurally barred, the supreme court announced:

> It is undisputed that no one filed suit under the foregoing provision to challenge the procedures followed by Bethel Heights in calling its annexation election. Clearly, the Benton County Circuit Court had the jurisdiction and authority to consider and decide such issues under § 14-40-304(b) above if a complaining party had filed suit within thirty days of the November 6, 1991 election. Since neither appellants nor others did so, appellants' attempt now to raise such an issue in this collateral proceeding must fail.

311 Ark. at 499-500, 845 S.W.2d at 2.

In *Duennenberg v. City of Barling*, 309 Ark. 541, 832 S.W.2d 237 (1992), the appellants challenged an annexation ordinance and election, citing alleged violations of both § 14-40-302 and § 14-40-303. Because the amended complaint was not filed within thirty days as mandated by § 14-40-304, the circuit court dismissed the complaint. The supreme court reversed, holding that since the original complaint had been timely filed within thirty days, and was not deficient in stating a cause of action, the complaint was within the limitation period notwithstanding the subsequent amendment, which merely corrected an obvious error in the complaint. However, the supreme court did not hold that the appellants' challenge was not subject to the thirty-day limitation period.

The aforementioned cases make it evident that challenges to procedures outlined in the subchapter at issue must be made within thirty days of the annexation elections, and that this is so whether or not such challenges arise from requirements prescribed by Ark. Code Ann. § 14-40-302. Thus, the appellants' complaint that cited a violation of Ark. Code Ann. § 14-40-303(a)(2) was untimely and properly dismissed by the chancery court.

In their brief, the appellants cite *Brooks v. City of Benton*, 308 Ark. 571, 826 S.W.2d 259 (1992), for the proposition that municipal zoning authority is conferred solely by state-enabling legislation, and that noncompliance with a procedural requirement renders a zoning ordinance void. By analogy, appellants submit that the appellees' annexation in the instant case was void, and not voidable, because each legislative requirement was not met. Despite appellants' contention, we find *Brooks v. City of Benton, supra,* to be inapposite because that case involved zoning and not annexation, and the timeliness of the complaint was not an issue.

Because we affirm the chancery court's dismissal on the ground that the complaint was not filed within thirty days, a review of whether the complaint is barred by laches or estoppel is unnecessary.

Affirmed.

BIRD and CRABTREE, JJ., agree.