2012 Ark. App. 15

**Morton "Skip" CONRAD and Minnie Ann Weeks–Conrad, Appellants**

v.

**CITY OF BEEBE, Appellee.**

**No. CA 11–540.**

Court of Appeals of Arkansas.

Jan. 4, 2012.

Danny R. Crabtree, Little Rock, for appellants.

T. Brent Walker, Cabot, for appellee.

RITA W. GRUBER, Judge.

Appellants, Minnie Ann Weeks–Conrad and Morton "Skip" Conrad, bring this appeal from an order of the White County Circuit Court entering summary judgment and dismissing their complaint to set aside the City of Beebe's (the City) annexation of their property. They also appeal the court's denial of their request to grant them nonconforming-use status. We affirm the circuit court's order.

The material facts are undisputed. On July 24, 2006, appellee, the City of Beebe, passed an ordinance proposing to annex certain property, including property owned by appellants. The City published a copy of the ordinance in *The Beebe News,* but the publication did not contain a copy of the map and legal description of the property to be annexed. No notice was ever given to appellants that their property was being considered for annexation. The proposed ordinance was placed on the ballot at the general election on November 7, 2006, and was passed by the voters.

Appellants did not learn that their property had been annexed to the City of Beebe until they began receiving citations from the City in February 2009 for violation of various provisions of the City Code. Appellants have owned their property since 1997 and have continuously used the property to raise goats, hogs, ducks, turkeys, emus, geese, chickens, donkeys, cows, dogs, cats, and rabbits. Appellants also keep old buses on the property as shelter for the animals and trailers for storage and living. Finally, appellants keep various types of scrap metal that they store and sell. The City contends that these uses of appellants' property violate various ordinances that prevent keeping nondomestic animals, nonoperating vehicles, and junk within the city limits.

On May 26, 2009, appellants filed a complaint against the City of Beebe to set aside the annexation of their property, contending, among other things, that they had no knowledge of the proposed annexation and were not given the opportunity to review the proposal or object thereto. Alternatively, appellants asked the court to declare that they were "grandfathered in" because they had owned their property since 1997 and had continuously used it in the same manner. Appellee filed a motion for summary judgment, contending that it complied with all statutory procedures and that, in any case, appellants' claims were barred by the thirty-day requirements set forth in Ark.Code Ann. §§ 14–40–303 and 304. Appellants filed a response and a cross-motion for summary judgment, contending that appellee failed to comply with Ark.Code Ann. § 14–40–303 by neglecting to attach a copy of a map and legal description of the property proposed to be annexed in its notice of the election by publication and failed to provide any notice whatsoever to appellants that their property was being proposed for annexation. They argued that this violated their constitutional right to due process. Alternatively, appellants argued that summary judgment should be denied because there were factual issues regarding their request for a declaration "grandfathering in" their nonconforming-use status.

The court granted summary judgment to appellee and dismissed appellants' complaint asking to set aside the annexation. The court found that Arkansas law does

not specifically require publication of a map or legal description and that the annexation laws as a whole contain sufficient safeguards to provide appellants with notice that satisfies due process. Further, the court found that the law required challenges to procedures in annexation elections to be made within thirty days of the annexation election and that appellants failed to present their challenge within that time.

The court denied summary judgment on the issue of grandfathering in appellants' nonconforming uses, and the parties agreed to stipulated facts and submitted trial briefs on the issue. After reviewing these, the court found that the purpose of the ordinances prohibiting the keeping of nondomestic animals and maintaining nonoperating vehicles on property within city limits was to promote the public health, safety, and welfare and denied appellants' request for grandfathering with regard to these uses. With regard to appellants' continuance of their scrap-metal business, the court found that this use, along with the placement of trailers for personal use and storage, could continue as long as they complied with the Beebe Zoning Code provisions governing nonconforming uses.

### I. Setting Aside Annexation

For their first point on appeal, appellants contend that the circuit court erred in refusing to set aside the annexation of their property because appellee failed to attach a map and legal description of the property proposed to be annexed in its newspaper publication. Specifically, appellants argue that appellee's failure to publish the map and description was a violation of Ark.Code Ann. § 14–40–303(c)(1)(D) (Supp.2005), which requires the city clerk to "give notice of the election [regarding the annexation] by publication by at least one (1) insertion in some newspaper having a general circulation in the city." Neither party in the instant case argues that there is any issue of material fact in dispute. The only issue is whether the statute governing annexation required publication of a map and legal description, and whether any challenge was barred by the limitation period contained in the statute.

■ The trial court found no such publication was required by the statute and that appellants' claims were barred by the thirty-day limitation period contained in the relevant statute and consequently granted appellee's motion for summary judgment on this issue. To the extent that the grant of summary judgment was based upon the circuit court's interpretation of an Arkansas statute, that is a question of law which this court decides de novo. *Harrisburg School Dist. No. 6 v. Neal,* 2011 Ark. 233, at 6, 381 S.W.3d 811, 814–15.

We turn to the relevant statute. An annexation ordinance that is adopted by a municipality must contain an accurate description of the lands desired to be annexed. Ark.Code Ann. § 14–40–303(a)(1) (Supp.2005). Section 303(b)(1) provides that the annexation ordinance will not become effective until "the question of annexation is submitted to the qualified electors of the annexing municipality and of the area to be annexed[.]" Under then-existing law, if the ordinance is approved, the county clerk must record the certified election results and a description and map of the annexed area in the county records and with the Secretary of State within seven days of the election. Ark.Code Ann. § 14–40–303(b)(6)(A) (Supp.2006).[1] Under

---

1. This time period in this provision was changed from seven days to fifteen days by Act No. 557 in 2007.

Arkansas law, the annexation is effective thirty days after the county clerk performs those duties. Ark.Code Ann. § 14–40–303(b)(6)(B) (Supp.2006).

■ Appellants have not challenged any of these procedures. They contend only that appellee violated section 303(c)(1)(D), which requires the city clerk to "give notice of the election by publication" in the newspaper. They do not dispute that appellee published the fact that the ordinance regarding annexation was to be submitted to the voters at the general election, only that the notice contained no legal description or map. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *City of Little Rock v. Rhee,* 375 Ark. 491, 495, 292 S.W.3d 292, 294 (2009). We are not bound by the circuit court's determination of the statute's meaning; however, in the absence of a showing that the circuit court erred, we will accept its interpretation as correct on appeal. *Scoggins v. Medlock,* 2011 Ark. 194, at 4, 381 S.W.3d 781, 784.

■ The language in the statute requires only that the city give notice of the election, which it did in this case. While publication of a map or legal description might be helpful to the voters, the statute does not require the city to include either. Accordingly, we affirm the circuit court's decision refusing to set aside the annexation.

The court's alternative ruling refusing to set aside the annexation was that appellants' claims were barred. Arkansas Code Annotated section 14–40–304 (Repl.1998) provides that a legal action challenging the standards required by section 14–40–302 must be filed within thirty days after the election. While appellants argue that section 304 does not apply to claims under section 303, the law is otherwise. In

*Williams v. Harmon,* 67 Ark.App. 281, 999 S.W.2d 206 (1999), we held that the thirty-day limitations period set forth in section 304 extends to challenges to all procedures outlined in the subchapter and not only to those enumerated in section 302. *See also City of Barling v. Fort Chaffee Redevelopment Authority,* 347 Ark. 105, 60 S.W.3d 443 (2001) (citing *Harmon* with approval for its holding that the thirty-day limitations period extends to challenges to annexation procedures not enumerated in section 14–40–302).

## II. *Nonconforming–Use Status*

■ For their second point on appeal, appellants contend that the circuit court's refusal to grant nonconforming-use status to them was clearly erroneous. We review a trial court's decision not to grant a party's request for declaratory judgment for clear error. *Poff v. Peedin,* 2010 Ark. 136, 366 S.W.3d 347. Appellants cite *City of Fayetteville v. S & H, Inc.,* 261 Ark. 148, 547 S.W.2d 94 (1977), in support of their argument that appellee's attempt to deprive them of their preexisting use of their property constitutes an unconstitutional taking without compensation in violation of their right to due process. In *City of Fayetteville,* the supreme court held that an ordinance regulating preexisting uses—in that case, the ordinance restricted the size, height, and setback of signs and prohibited signs with flashing or blinking lights—that were "not inimical to the health, safety or morals of the community" amounted to an unconstitutional taking. *Id.* at 155, 547 S.W.2d at 97–98.

■ An owner's use of his property is not unbounded, whether it is a preexisting use or future use. A zoning ordinance is presumed to be constitutional and the burden of proving otherwise is upon the party challenging it. *Night Clubs, Inc. v. Fort*

*Smith Planning Comm'n,* 336 Ark. 130, 132, 984 S.W.2d 418, 420 (1999). The supreme court has recognized that a municipality has a duty to exercise its police power in the interest of the public health and safety of its inhabitants. *Phillips v. Town of Oak Grove,* 333 Ark. 183, 189, 968 S.W.2d 600, 603 (1998). This police power is always justified "when it can be said to be in the interest of the public health, public safety, public comfort, and when it is, private rights must yield to public security, under reasonable laws." *Id.*

Appellants contend that, like the landowners in *City of Fayetteville,* they had a vested right in their preexisting uses. *City of Fayetteville* concerned business owners' signs and the question whether the city's new ordinance governing those signs was valid as to the owners' preexisting signs. While the court found that the owners did have a vested right protected by the constitution for those uses that were not inimical to public health, safety or morals—height, size, and setback—the court held that the owners did not have a vested right protected by the constitution in the use of flashing and blinking signs because the city contended, and the court agreed, that the use fell within that area of police regulation "that [is exercised for the protection of the health and morals of the people." *City of Fayetteville,* 261 Ark. at 155, 547 S.W.2d at 98.

■ In this case, the ordinances prohibiting the keeping of nondomestic animals and the keeping of nonoperating vehicles both specifically state that these uses present an imminent threat to the public peace, health, safety, and welfare. The court noted this in its order. The supreme court's decision in *City of Fayetteville* was based on its holding that the prohibited uses in that case were not inimical to public health or safety. Here, the circuit court specifically noted that appellee's purpose for the ordinances was to protect "an imminent threat" to public peace, health, safety, and welfare. We hold that the circuit court's determination refusing to grant nonconforming-use status to appellants was not clearly erroneous.

Affirmed.

GLOVER and HOOFMAN, JJ., agree.