2011 Ark. 48

**Joe CAPPS, Raymond W. Zroback, & Patricia Zroback, individually and on behalf of all others similarly situated, Appellants**

**v.**

**CARROLL ELECTRIC COOPERATIVE CORPORATION, Appellee.**

**No. 10–667.**

Supreme Court of Arkansas.

Feb. 9, 2011.

Bassett Law Firm LLP, Fayetteville, by: Shannon Fant, The Lawrence Firm PLLC, by: William Paul Lawrence, III, and Kirby McInerney LLP, by: David Kovel, for appellants.

Everett & Wales, Fayetteville, by: John C. Everett and Jason H. Wales, and Williams & Anderson, PLC, Little Rock, by: Janet L. Pulliam and Benjamin D. Brenner, for appellee.

PAUL E. DANIELSON, Justice.

Appellants Joe Capps, Raymond W. Zroback, and Patricia Zroback, individually and on behalf of all others similarly situated (collectively, "Capps"), appeal from an order of the Benton County Circuit Court granting a motion to dismiss all claims of monetary relief and return of funds in favor of appellee Carroll Electric Cooperative Corporation and finding that jurisdiction over those claims is properly with the Arkansas Public Service Commission (APSC). On appeal, Capps argues that (1) the patronage capital claims are

private damage claims arising from contract, property, or tort law; (2) the APSC may not constitutionally adjudicate damage claims of private parties arising as a matter of contract, property, or tort law; and (3) the APSC does not have jurisdiction over plaintiffs-appellants who are Missouri residents. We find no error and affirm the order of the circuit court.

The relevant facts are these. Capps filed a class-action complaint against Carroll Electric alleging that Carroll Electric had refused and had continued to refuse to refund patronage capital to the class members. Capps argued that Carroll Electric violated the regulations under Arkansas Code Annotated § 23–18–327 regarding the use of revenues as a nonprofit operation; that Carroll Electric served as an agent or trustee of the property of Capps, and Carroll Electric's failure to pay capital credits equated to conversion; that Carroll Electric had breached a fiduciary duty by failing to refund patronage capital; that Carroll Electric had breached a contract; that Carroll Electric's failure to return capital to former and longstanding class members who had provided capital for many years constituted oppressive conduct; and that Carroll Electric was unjustly enriched. The complaint sought an order to declare that Carroll Electric had a duty to retire capital credits to Capps, to enjoin Carroll Electric from keeping the capital credits, to require that Carroll Electric provide Capps an accounting, and to oblige Carroll Electric to retire capital credits on a reasonable and systematic basis. Carroll Electric answered, but also filed a motion to dismiss on August 17, 2009, claiming that the circuit court lacked subject-matter jurisdiction over the claims, that Capps must have exhausted administrative remedies before proceeding in circuit court, and that exclusive jurisdiction lay with the APSC.

On October 1, 2009, Capps filed an amended complaint, which again alleged conversion, fiduciary-duty violations, breach of contract, oppression, and unjust enrichment. A request was added to the requested relief that an order be issued to oblige Carroll Electric to amend their allegedly "illegal and undemocratic" by-laws. Capps also filed a response objecting to Carroll Electric's motion to dismiss. In it, Capps argued that the APSC did not have jurisdiction in the instant case because the dispute was over an asserted private right found in the common law of contracts, torts, or property, and was between parties who are not consumers or are out-of-state customers.

Carroll Electric replied to Capps's response, asserting that regardless of what labels were currently being used by Capps, the heart of the complaint sought a refund or return of patronage capital. Carroll Electric maintained that if a right to any such refund existed, it would only be pursuant to section 23–18–327, and, therefore, subject-matter jurisdiction was not discretionary and lay only with the APSC.

Capps again amended the complaint on November 20, 2009, and then filed a demand for a trial by jury that included a constitutional challenge to Ark.Code Ann. § 23–3–119. On February 19, 2010, the circuit court held a hearing on Carroll Electric's motion to dismiss and entertained arguments from both Carroll Electric and Capps. The circuit court issued a letter opinion on April 2, 2010, finding that the APSC had exclusive jurisdiction to hear all the claims made for refunds of money and granting Carroll Electric's motion to dismiss for all claims of monetary relief and return of funds. However, the circuit court found that all equitable claims made by Capps not seeking the return of funds were properly before the court and denied the motion to dismiss as to those

claims. The circuit court entered its order on April 14, 2010, which made the same findings as stated in the letter opinion to counsel and also incorporated that letter opinion "word for word."

Following the order of dismissal, Capps filed a motion for voluntary dismissal on the remaining equitable claims that did not seek monetary relief from Carroll Electric. On April 20, 2010, the circuit court entered an order dismissing without prejudice Capps's second amended complaint as to all claims seeking nonmonetary relief.[1] Capps then filed a notice of appeal from the circuit court's April 14 order. We now turn to the merits of the appeal.

Capps first argues that capital credits are private-property rights, that the obligation of Carroll Electric to pay them was contractual since it was provided for in its bylaws, and that such rights can only be adjudicated by the judicial branch of government. Carroll Electric responds that the claims actually arose from a public right, which the APSC is charged by law to administer and over which it has exclusive jurisdiction.

■ The APSC is a creature of the legislature and must act within the power conferred on it by legislative act. *See Austin v. Centerpoint Energy Arkla,* 365 Ark. 138, 226 S.W.3d 814 (2006); *Sw. Bell Tel. Co. v. Arkansas Pub. Serv. Comm'n,* 267 Ark. 550, 593 S.W.2d 434 (1980). The APSC's jurisdiction and adjudicative authority are established in Ark.Code Ann. § 23–3–119 (Repl.2002), which provides in relevant part as follows:

> (a)(1) Any ... customer of a public utility [or] any person unlawfully treated by a public utility ... may complain to the commission in writing. The complaint shall set forth any act or thing done or omitted to be done by any public utility or customer in violation, or claimed violation, of any order, law, or regulation which the commission has jurisdiction to administer.

> . . . .

> (d) The commission shall then have the authority, upon timely notice, to conduct investigations and public hearings, to mandate monetary refunds and billing credits, or to order appropriate prospective relief as authorized or required by law, rule, regulation, or order. The jurisdiction of the commission in such disputes is primary and shall be exhausted before a court of law or equity may assume jurisdiction. However, the commission shall not have the authority to order payment of damages or to adjudicate disputes in which the right asserted is a private right found in the common law of contracts, torts, or property.

> . . . .

> (f)(1) It is the specific intent of the General Assembly ... to vest in the Arkansas Public Service Commission the authority to adjudicate individual disputes between consumers and the public utilities which serve them when those disputes involve public rights which the commission is charged by law to administer.

> (2) Public rights which the commission may adjudicate are those arising from the public utility statutes enacted by the General Assembly and the lawful rules, regulations, and orders entered by the commission in the execution of the statutes. The commission's jurisdiction to adjudicate public rights does not and cannot, however, extend to disputes in which the right asserted is a private

---

1. At the request of Capps, the circuit court modified this order to be with prejudice and entered an order of dismissal with prejudice on June 7, 2010.

right found in the common law of contracts, torts, or property.

Capps alleges that the heart of the claim is a dispute over private-property rights. However, it is clear from the complaint that Capps alleged that Carroll Electric violated a duty to pay capital credits "on a reasonable and systematic basis." Further, the main relief sought in the complaint was a refund of those capital credits.

As previously noted, the APSC has the authority to adjudicate individual disputes between consumers and the public utilities that serve them when those disputes involve public rights with which the commission is charged by law to administer. *See* Ark.Code Ann. § 23–3–119(f)(1). Such "public rights" are rights arising from the public-utility statutes enacted by the General Assembly and the lawful rules, regulations, and orders entered by the commission $|_6$in the execution of the statutes. Ark.Code Ann. § 23–3–119(f)(2).

The statutes that create and regulate public utilities, specifically the electric-cooperative corporations, address the matter of capital credits. *See* Ark.Code Ann. § 23–18–327 (Supp.2009). Section 23–18–327 specifically sets forth how and when capital credits are to be returned by a corporation such as Carroll Electric:

(a) Each corporation shall be operated without profit to its members, but the rates, fees, rents, or other charges for electric energy and any other facilities, supplies, equipment, or services furnished by the corporation shall be sufficient at all times:

(1) To pay all operating and maintenance expenses necessary or desirable for the prudent conduct of its business and the principal of and interest on the obligations issued or assumed by the corporation in the performance of the purpose for which it was organized; and

(2) For the creation of reserves.

(b) The revenues of the corporation shall be devoted first to the payment of operating and maintenance expenses and the principal and interest on outstanding obligations. Thereafter, the revenues shall be devoted to such reserves for improvement, new construction, depreciation, and contingencies as the board may from time to time prescribe.

(c) Revenues not required for the purposes set forth in subsection (b) of this section shall be returned from time to time to the members on a pro rata basis according to the amount of business done with each during the period either in cash, in abatement of current charges for electric energy, or otherwise as the board determines, but return may be made by way of general rate reduction to members if the board so elects.

(d) If a corporation organized under this subchapter declares a capital credit and any capital credit remains unclaimed after notice thereof was transmitted to the last known address of the beneficiary of the unclaimed capital credit, the unclaimed capital credit shall not be deemed unclaimed or abandoned property under the Unclaimed Property Act, § 18–28–201 et seq.

It seems clear that the APSC has primary jurisdiction over any claim that Carroll Electric has in some way violated the requirements of section 23–18–327 and is authorized "to$|_7$mandate monetary refunds and billing credits, or to order appropriate prospective relief...." Ark.Code Ann. § 23–3–119(d).

While Capps repeatedly attempts to couch the claim as some sort of private right found in the common law of contracts, torts, or property, one that would fall outside the jurisdiction of the APSC under section 23–3–119(f)(2), the circuit

court was not swayed by that argument below, and neither are we. Because we find no merit in the argument that the matter of capital credits is a private right, there is no basis for Capps's separation-of-powers argument.

■ Capps states that two of the plaintiffs-appellants are citizens of Missouri and are former customers of Carroll Electric that bought their electricity from Carroll Electric in Missouri. Therefore, Capps argues that the APSC does not have jurisdiction over those plaintiffs-appellants. Carroll Electric avers that because those plaintiffs-appellants did not assert any claims against Carroll Electric based on Missouri law, did not argue that Missouri law governed any aspect of their claims, and have not filed any claims against it in Missouri, the APSC does have exclusive jurisdiction of all the claims asserted against Carroll Electric for a return of capital credits. We agree.

Capps bases this argument on this court's decision in *Centerpoint Energy Resources Corp. v. Miller County Circuit Court*, 370 Ark. 190, 258 S.W.3d 336 (2007), in which we held that the APSC had sole and exclusive jurisdiction over claims as they related to Arkansas customers but not as they related to Texas customers *under Texas law. See id.* However, that case is distinguishable from the instant case.

In *Centerpoint*, we declined to adjudicate the issue of the jurisdiction of the Texas Railroad Commission under Texas law vis-a-vis Texas ratepayers. *See id.* However, here, the Missouri plaintiffs-appellants did not plead a cause of action under Missouri law. In the instant case, the cause of action is based upon an alleged failure of Carroll Electric, an Arkansas cooperative corporation, to comply with Arkansas law, specifically Ark.Code Ann. § 23–18–327. Therefore, the APSC is the correct forum for the complaint as detailed above.

For all of the above reasons, we affirm the circuit court's order dismissing all of Capps's claims against Carroll Electric for monetary relief and return of funds.

Affirmed.