Jody WILLS, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 2012–CA–000175–MR, 2012–CA–000176–MR, 2012–CA–000177–MR, 2012–CA–000178–MR.

Court of Appeals of Kentucky.

March 15, 2013.

Samuel B. Carl, William F. Stewart, Louisville, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON, LAMBERT, and TAYLOR, Judges.

## OPINION

LAMBERT, Judge:

Jody Wills appeals from the December 27, 2011, order of the Shelby Circuit Court revoking her probation.[1] After careful review, we vacate the trial court's order and remand for proceedings consistent with this opinion.

The underlying facts of this case are not in dispute. From September 1999 through March 2005, Wills was employed as an office manager for attorney Mark Dean (hereinafter Dean), a sole practitioner in Shelbyville, Kentucky. At that time, a large part of Dean's practice was devoted to real estate closings, and Dean maintained multiple escrow accounts. In 2001, Wills and Dean began an extra-marital affair that lasted four years. Wills was married with children, but Dean was not married. In March or April 2005, Wills ended the affair with Dean and subsequently discontinued her employment with Dean.

In 2009, lending institutions began to question irregularities with Dean's escrow accounts. An investigation revealed that there was approximately $600,000.00 missing from Dean's escrow accounts for the periods of 1999 through 2005. On November 4, 2009, Wills was indicted on multiple counts of theft by unlawful taking, theft by deception, failure to make required disposition of property, tampering with physical evidence, and fraudulent use of a credit card.

On December 23, 2009, Wills pled guilty to nine counts of theft by deception over $300.00 and failure to make a required disposition of property in Case No. 08–CR–00144; tampering with physical evidence and fraudulent use of a credit card in Case No. 09–CR–00153; nineteen counts of theft by unlawful taking over $300.00 in Case No. 09–CR–00166; and eleven counts of theft by unlawful taking over $300.00 for Case No. 09–CR–00212. In all four plea agreements, Wills agreed to pay restitution pursuant to statute.

In February 2010, Wills' sentencing and restitution hearing was conducted before Hon. Stephen Mershon, Special Judge. The Commonwealth Attorney and counsel for Wills discussed the amount of restitution and eventually arrived at a sum of $720,000.00, which presumably was the amount of money originally taken, plus interest that had accrued due to Dean obtaining a loan to replace client escrow funds. Judge Mershon sentenced Wills to a ten-year sentence with five years probated and set conditions for Wills' probation that included nine months in the Shelby

---

1. This appeal involves four separate criminal cases filed in Shelby Circuit Court: 08–CR–00144, 08–CR–00153, 08–CR–00212, and 09–CR–00166. Wills was indicted under all four cases, but despite a motion by the Commonwealth, the cases were never consolidated by the circuit court. As such, there are four records on appeal.

County Detention Center with work release and regular, timely restitution payments.

On February 23, 2010, Judge Mershon entered a separate judgment and sentence in each of the four cases. Restitution in the amount of $720,000.00 at the rate of 12% interest was only mentioned in Case No. 09–CR–00166. The other judgments do not mention restitution. Each of the four sentencing orders waived all court costs, as Wills was found to be a poor person pursuant to Kentucky Revised Statutes (KRS) 453.190(2).

In July 2009, Wills obtained employment as an office manager with Shelbyville Physical Therapy and Spine Care Center, and she maintains that position to date. On April 8, 2010, Dean moved the circuit court to enter a civil judgment in regard to the money that Wills had been charged with taking. A judgment was awarded to Dean for $720,000.00 at a monthly rate of $16,016.00 at 5% interest.[2] This judgment further allowed Dean to garnish Wills' wages. On June 16, 2010, Dean issued an order of wage garnishment to Shelbyville Physical Therapy based on the civil judgment entered on April 8, 2010. Dean claimed that Wills owed him $960,960.00 at 12% interest with probable court costs of $6,000.00. In the affidavit and answer of her employer, Wills' non-exempt bi-weekly wage was reported to be $202.71. Wills' employer began to withhold $202.71 from Wills' bi-weekly paycheck until October 18, 2011. That amount was forwarded to Dean until he released the order of wage garnishment on October 3, 2011.

After Dean released his garnishment, the Commonwealth filed a motion to revoke Wills' probation on October 20, 2011. The circuit court denied the motion to revoke; however, Judge Mershon then entered an order requiring Wills to pay $600.00 per week towards her restitution obligation. The court arrived at this weekly restitution amount by citing to the weekly interest payments Dean said he was required to make toward his loan.

In her current position, Wills earns $12.00 per hour and works forty hours per week. Her gross income is $960.00 every two weeks for a total yearly salary of $24,960.00. By contrast, Judge Mershon's order required Wills to make $31,200.00 in annual restitution payments, well in excess of her yearly gross salary. On October 26, 2011, Wills brought a motion before the Shelby Circuit Court, asking the Court to clarify the proper method of calculating restitution payments, arguing the court's previous order conflicted with the garnishment withholding issued by Dean. Wills further asked the court to review the appropriateness of the amount of the weekly restitution payment. On October 26, 2011, Judge Mershon issued an order reiterating that Wills pay $600.00 per week in restitution. Additionally, the court noted that the Commonwealth might soon file a motion to revoke Wills' probation.

On December 14, 2011, the Commonwealth filed its motion to revoke. The only basis contained in the Commonwealth's motion was "failure to pay restitution as court ordered." Judge Hickman conducted the hearing on the Commonwealth's motion to revoke on December 27, 2011.

The Commonwealth presented testimony from Dean and the Shelbyville Circuit Court bookkeeper, Eddie Hauser. Wills and her probation officer, Brad Williams, also testified. Dean testified that he had been receiving restitution payments on a regular basis but had not been receiving the full amount of the court-ordered restitution. Dean stated that he had received

2. The civil judgment was issued as part of the criminal case.

$16,328.04 in restitution and garnishment payments but complained that per the court order he should have received $27,942.86 in restitution payments. Mr. Hauser testified that the restitution ledger he kept accurately reflected the restitution payments, but he did not state a total for payments to date.

Mr. Williams testified that, except for her failure to pay the full amount of her monthly restitution obligation, Wills was in full compliance with the terms of her probation. Mr. Williams further acknowledged that Wills could not possibly meet her restitution obligation on the salary she currently earned.

Wills testified that she had been applying her entire after-tax paycheck towards her restitution obligation. She testified that overtime was not available at her current employment, and she was unable to find other employment. She could not currently meet her weekly obligation of $600.00 per week.

On cross-examination, the Commonwealth acknowledged that Wills was making a good faith effort to pay her restitution obligation; however, it argued she needed to make a better effort. The Commonwealth also acknowledged that Wills' employment opportunities were limited due to her felony conviction for theft by deception.

At the conclusion of the hearing, the Shelby Circuit Court entered an order revoking Wills' probation based solely upon her failure to pay the full amount of her weekly restitution obligation. In its ruling, the court recognized that the amount of Wills' restitution payment was more than she earned at her full-time job, but found that it was justified based upon the amount of monies·stolen. The court found that it was admirable for Wills to pay her entire after-tax check toward her restitution, but noted that it did not cover Mr.

Dean's interest payments. The court did not make any other findings or address any other considerations in its oral ruling on the Commonwealth's motion, and a review of the written order does not indicate that any other facts were considered.

On January 5, 2012, the court entered another order amending the judgment to require Wills to serve a concurrent five-year prison term for Case Nos. 08–CR–00144, 08–CR–001533, and 08–CR–00212 and a concurrent ten-year sentence for Case No. 09–CR–00166. This appeal now follows.

■ The appellate standard of review of a circuit court's decision to revoke probation or conditional discharge is whether the court abused its discretion. *Ridley v. Commonwealth,* 287 S.W.2d 156 (Ky.1956). *See also Tiryung v. Commonwealth,* 717 S.W.2d 503, 504 (Ky.App.1986). An abuse of discretion occurs when the decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Miller v. Eldridge,* 146 S.W.3d 909, 914 (Ky.2004) (quoting *Goodyear Tire & Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky.2000)).

Wills argues that the trial court failed to follow the seminal case of *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), in revoking her probation based solely upon her inability to pay the full amount of the weekly court-ordered restitution. In *Bearden,* the Court stated:

We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized

range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Id.* at 672–673. Essentially, then, *Bearden* requires a two-part analysis to be undertaken by the trial court to ensure that a probationer's due process rights are protected. *Id.* First, the trial court must consider whether the probationer has made sufficient bona fide efforts to pay but has been unable to do so through no fault of her own. Secondly, the trial court must consider alternative forms of punishment that might serve the states' interest in punishment. *Id.*

In *Clayborn v. Commonwealth,* 701 S.W.2d 413 (Ky.App.1985), this Court expressly applied the *Bearden* standard to revocation proceedings in Kentucky. Clayborn had been convicted of second-degree assault and sentenced to five years in the state penitentiary. *Id.* at 414. His motion for shock probation was granted, subject to a restitution obligation. *Id.* Subsequently, Clayborn's probation was revoked for failure to honor the restitution schedule. *Id.* In reversing the circuit court's order, this Court held that alternative forms of punishment must be considered if the trial court determines that bona fide efforts to pay restitution have been

made or if the defendant is incapable of paying. *Id.* at 415.

*Clayborn* instructs sentencing courts to consider alternative forms of punishment delineated in Kentucky Revised Statutes (KRS) 533.030(3). *Id.* That statute states:

The court may, in lieu of ordering monetary restitution, order the defendant to make restitution by working for or on behalf of the victim. The court shall determine the number of hours of work necessary by applying the then prevailing federal minimum wage to the total amount of monetary damage caused by or incidental to the commission of the crime. The court may, with the consent of the agency, order the defendant to work for a public agency of the Commonwealth, a county, or a city for a period of time equal to that determined in the case of working for a victim.

In *Commonwealth v. Marshall,* 345 S.W.3d 822 (Ky.2011), the Kentucky Supreme Court held that the requirements of *Bearden* apply whether restitution is made part of a plea bargain or through the imposition of a court sentence. *Id.* at 830. "*Bearden* recognized that once a defendant is probated, he then acquires an interest in remaining on probation rather than going to prison." *Id.* at 833 (footnote omitted). Further, the Court noted:

Because the Supreme Court did not explicitly hold that the due process requirements set forth in *Bearden* depend on the trial court imposing payment conditions on its own initiative rather than the defendant agreeing to such payment conditions, the defendant's agreement to payment conditions under a plea agreement does not remove the need for *Bearden* analysis before revocation.

*Id.*

Applying the above case law and *Bearden* to Ms. Wills, we agree that the circuit court abused its discretion. The court

clearly stated in its oral ruling that Wills had made a bona fide effort to comply with her restitution payment schedule. The Commonwealth conceded this issue, but then argued that Wills' probation should still be revoked. The record supports the circuit court's findings that Wills was making a good faith effort to comply with the terms of her probation. Indeed, Wills was paying the full amount of her after-tax income toward the obligation. Wills testified that she had transferred her children's insurance to her husband's employer to avoid having additional funds taken out of her check. Further she claimed the lowest amount possible on her tax return, so as to apply more money toward the restitution on a monthly basis. She testified that she had rented out her home and moved into a home owned by relatives and that she and her husband were attempting to sell their home to avoid that monthly payment. The Commonwealth even conceded that Wills would have a hard time as a convicted felon with only a high school degree finding more lucrative employment in today's economy.

Despite the court's own reasoning that Wills was making a good faith effort, it revoked her probation only because Wills was unable to pay the full amount. Absent from the court's ruling is any indication that it gave consideration to any alternative form of punishment, which *Bearden* unequivocally requires it to do. Accordingly, because the trial court failed to properly follow *Bearden* and other applicable Kentucky law, we vacate the trial court's holding and remand for proceedings consistent with this opinion.

We note that the trial court is required to make findings on the record as to why it is revoking probation under *Bearden* as well as to show that it considered alternatives other than imprisonment. In the instant case, given the large amount of money stolen, it seems that the victim and the Commonwealth of Kentucky is best served by Wills continuing to make all efforts to pay back the money, rather than to be incarcerated for a long period of time. "The trial court must specifically identify the evidence it relies upon in making determinations on the record, as well as the specific reason(s) for revoking probation on the record." *Marshall, supra,* at 833.

Based on the foregoing, we vacate the Shelby Circuit Court's December 27, 2011, order and the January 5, 2012, order amending the previous order, and remand this matter for proceedings consistent with this opinion.

ALL CONCUR.