Cite as 2022 Ark. 176

# SUPREME COURT OF ARKANSAS

**No.** CV-22-520

| | |
|---|---|
| | **Opinion Delivered:** October 6, 2022 |
| CHARLES BLACKBURN<br>APPELLANT | |
| V. | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CV-22-348] |
| THE LONOKE COUNTY BOARD OF ELECTION COMMISSIONERS; MATTHEW BROWN, MICKEY "STUBBY" STUMBAUGH, AND DAN STOWERS, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE ELECTION COMMISSION; DAWN PORTERFIELD, IN HER OFFICIAL CAPACITY AS LONOKE COUNTY CLERK; DOUG IRWIN; NORMAN WALKER; AND JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS ARKANSAS SECRETARY OF STATE<br>APPELLEES | HONORABLE BENTLEY E. STORY, SPECIAL JUDGE<br><br><br><br><br><br>AFFIRMED AS MODIFIED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Charles Blackburn appeals from the Lonoke County Circuit Court's orders granting motions to dismiss filed by the Lonoke County Board of Election Commissioners ("Board"); Matthew Brown, Mickey "Stubby" Stumbaugh, and Dan Stowers, in their official capacities as members of the Board; Dawn Porterfield, in her official capacity as Lonoke County Clerk ("Clerk"); Doug Irwin; Norman Walker (collectively "Lonoke County appellees"); and John Thurston, in his official capacity as Arkansas Secretary of State. Blackburn urges this court to consider this case pursuant to our original jurisdiction. He also argues that the circuit court abused its discretion in granting the motions to dismiss because

he adequately pleaded an as-applied challenge to the constitutionality of Arkansas Code Annotated section 7-7-103 (Supp. 2021). Finally, he asserts that even if his amended complaint was deficient, then it should have been dismissed without prejudice. We affirm as modified.

## I. *Facts*

Blackburn sought to run as an independent candidate in the 2022 election for Lonoke County Judge. A person seeking to have his or her name placed on a ballot as an independent candidate for a county office in a general election "shall furnish by 12:00 noon on May 1 of the year in which the general election is to be held petitions signed by not less than three percent (3%) of the qualified electors in the county, township, or district in which the person is seeking office, but in no event shall more than two thousand (2,000) signatures be required for a district, county, or township office." Ark. Code Ann. § 7-7-103(b)(1)(A).[1]

Blackburn contacted Kristen Shipp, an employee in the Clerk's office, for assistance in determining the number of signatures he needed to comply with the statutory requirement. Shipp informed Blackburn that he needed 367 signatures to get on the ballot. Blackburn obtained and returned 367 signatures to the Clerk's office by the May 1, 2022 deadline. Shipp subsequently informed Blackburn that a mistake had been made, that he actually needed 618 signatures, and that he was short 251 signatures.

---

[1]"In determining the number of qualified electors in any county, township, or district or in the state, the total number of votes cast therein for all candidates in the preceding general election for the office of Governor shall be conclusive of the number of qualified electors therein for the purposes of this section." Ark. Code Ann. § 7-7-103(b)(4).

On June 13, 2022, Blackburn filed a lawsuit against the Board, the members of the Board (in their official capacities), and the Clerk, seeking a writ of mandamus, preliminary injunction, and declaratory judgment. Specifically, Blackburn sought an order directing the Board to allow him an additional fourteen days to collect signatures. On July 8, Blackburn filed an amended complaint in which he added as defendants the presumptive Democrat and Republican nominees for Lonoke County Judge and Thurston. He also added facial and as-applied challenges to the constitutionality of section 7-7-103 and sought a declaration that Shipp's actions violated his right to access to the ballot and the right of the voters to cast ballots for independent candidates. Blackburn further requested that the circuit court order that the signatures he previously submitted were sufficient to be placed on the ballot or, in the alternative, that he be given additional time to collect and submit signatures.

The Lonoke County appellees and Thurston filed separate motions to dismiss. Following a hearing, the circuit court dismissed the amended complaint with prejudice. On August 8, it entered two orders of dismissal. Blackburn timely filed his appeal with this court and sought expedited consideration, which we granted.[2]

## II. *Original Jurisdiction*

Blackburn first seeks consideration of this case pursuant to this court's original jurisdiction based on his claim that the government's actions related to section 7-7-103

_____

[2]Thurston argues that the appeal should be dismissed as moot because "[o]n August 25, 2022, the candidates for the ballot for the Lonoke County Judge's election were certified and [Blackburn's] name was not placed on the ballot." A case is moot when any judgment rendered would not have any practical legal effect upon a then-existing legal controversy. *Ark. Dep't of Hum. Servs. v. Ledgerwood*, 2019 Ark. 100, at 2, 571 S.W.3d 1, 2. On the record currently before us, it is not apparent that this case is moot.

rendered the statute unconstitutional as applied to him. He seeks an order that his name be placed on the ballot as an independent candidate for Lonoke County Judge. Blackburn cites Arkansas Supreme Court Rule 6-5(a) and argues that his case "is not explicitly ruled out as a case that invokes the court's original jurisdiction."

Rule 6-5 addresses original actions and states that

[t]he Supreme Court shall have original jurisdiction in extraordinary actions as required by law, such as suits attacking the validity of statewide petitions filed under Amendment 7 of the Arkansas Constitution, or where the Supreme Court's contempt powers are at issue.

Although the examples given are not exhaustive, Blackburn's claim is clearly not a suit attacking the validity of a statewide petition filed under amendment 7, and it does not involve this court's contempt powers.

We have said that this court's jurisdiction is appellate in nature except where specific law or precedent has established authority for it to proceed in an original action. *Jackson v. Tucker*, 325 Ark. 318, 319, 927 S.W.2d 336, 336 (1996); *see also Rockefeller v. Smith*, 246 Ark. 819, 824, 440 S.W.2d 580, 582 (1969) (rejecting attempt to proceed simultaneously with an appeal and an original-jurisdiction action and holding that "jurisdiction of this court in these matters is exclusive"). In this case, Blackburn attempts to simultaneously invoke this court's original and appellate jurisdiction despite our settled law prohibiting this. *Id.* at 824, 440 S.W.2d at 582. Further, he cites no specific law or precedent establishing authority for him to proceed in an original action under the circumstances he sets forth. Thus, we reject his original-jurisdiction argument and address his arguments under our appellate jurisdiction.

## II. *Arguments on Appeal*

### A. Dismissal Orders

Blackburn next argues that the circuit court abused its discretion by dismissing his amended complaint. He contends that although section 7-7-103 contains no requirement that the Clerk provide him with information about the number of required signatures, her office undertook that action, and the "effect is that a government official construed Ark. Code Ann. § 7-7-103 and made an official government statement of what was required under the statute related to signatures." Blackburn claims that his reliance on incorrect information prevented him from accessing the ballot and that section 7-7-103 is unconstitutional as applied to him based on the government's actions.

Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Jenkins v. Mercy Hosp. Rogers*, 2021 Ark. 211, at 4, 633 S.W.3d 758, 762. In making that determination, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 6, 436 S.W.3d 445, 449. We construe the pleadings liberally and resolve all reasonable inferences in favor of the complaint. *Id.*, 436 S.W.3d at 449. However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Dockery v. Morgan*, 2011 Ark. 94, at 5–6, 380 S.W.3d 377, 382. We treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation. *Id.*, 380 S.W.3d at 382.

Arkansas Rule of Civil Procedure 12(b)(6) provides that "[e]very defense, in law or in fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading

thereto if one is required, except that the following defenses may . . . be made by motion: . . . (6) failure to state facts upon which relief can be granted[.]" According to Arkansas Rule of Civil Procedure 8(a)(1), a pleading that sets forth a claim for relief shall contain a statement in ordinary and concise language of facts showing that the pleader is entitled to relief. Rules 8(a)(1) and 12(b)(6) must be read together in testing the sufficiency of a complaint. *Dockery*, 2011 Ark. 94, at 6, 380 S.W.3d at 382. We look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Id.*, 380 S.W.3d at 382. When the complaint states only conclusions without facts, we will affirm the circuit court's decision to dismiss the complaint pursuant to Rule 12(b)(6). *Ballard Grp., Inc.*, 2014 Ark. 276, at 6, 436 S.W.3d at 449.

Further, in construing our statutes, we have stated that statutes are presumed to be constitutional, and this court resolves all doubts in favor of constitutionality. *Smith v. Arkansas Midstream Gas Servs. Corp.*, 2010 Ark. 256, at 6, 377 S.W.3d 199, 203. The party challenging a statute's constitutionality has the burden of proving that it is constitutional. *Id.*, 377 S.W.3d at 203. There are two primary ways to challenge the constitutionality of a statute: (1) an as-applied challenge, in which the court assesses the merits of the challenge by considering the facts of the particular case in front of the court, not hypothetical facts in other situations; and (2) a facial challenge, which seeks to invalidate the statute. *Ward v. Hutchinson*, 2018 Ark. 313, at 9, 558 S.W.3d 856, 862.

In the present case, the circuit court entered separate orders dismissing the Lonoke County appellees and Thurston. As to the Lonoke County appellees, it found that

> the County Clerk was under no duty to provide the number of signatures Mr. Blackburn needed. The Court further finds that the statute does not contain a private

right of action to sue for ballot access. The Court finds additionally that it was incumbent on Mr. Blackburn to ascertain the number of signatures he needed to successfully obtain ballot access. That is, the duty here was on Mr. Blackburn, not the County Clerk or her employees. The law does not permit Mr. Blackburn to obtain relief under the circumstances of this case. Furthermore, the Court finds there is no provision in Arkansas law that would permit the Court to order the relief sought by Mr. Blackburn. As to Mr. Blackburn's constitutional challenges to the statute, the Court finds that the statute is constitutional on its face, as held by the United States District Court in the *Whitfield* case and that, as-applied, there is no severe burden placed on Mr. Blackburn's ability to obtain ballot access. While it is unfortunate that the Clerk's employee erred in the number of signatures that she advised Mr. Blackburn that he needed to obtain ballot access, it was Mr. Blackburn's duty alone to ascertain that number from data provided by the Arkansas Secretary of State's Office free-of-charge. Finally, there is no allegation that County Judge Doug Irwin or the Democrat Nominee Norman Walker took any actions in this case and even if they are sued in their individual capacities, they are entitled to dismissal.

In granting Thurston's motion to dismiss, the circuit court found that

[t]he Amended Complaint does not state any allegations of wrongdoing on behalf of Separate Defendant Thurston. No prejudice to Plaintiff Blackburn resulted from Defendant Thurston's actions or inaction. The Arkansas Secretary of State provided voters information for citizens of Arkansas, including Plaintiff Blackburn.

In the case at bar, Blackburn has failed to advance any factual allegations against Thurston, the Board, the Board members, or the nominees for Lonoke County Judge.[3] Blackburn has further failed to allege how mistaken information from Shipp, a person who had no duty under section 7-7-103, rendered that statute unconstitutional as applied to him.

---

[3]Thurston argues that the claims against him are barred by sovereign immunity. We extend sovereign immunity to state employees sued in their official capacities. *Banks v. Jones*, 2019 Ark. 204, at 3, 575 S.W.3d 111, 114. However, we "view our sovereign immunity cases as allowing actions that are illegal, are unconstitutional or are *ultra vires* to be enjoined." *Martin v. Haas*, 2018 Ark. 283, at 7, 556 S.W.3d 509, 514. The dismissal of Blackburn's lawsuit against Thurston was based on the failure to assert any claim. The order contained no findings that Blackburn failed to surmount Thurston's sovereign immunity by not alleging an illegal, unconstitutional, or ultra vires act. Rather, Blackburn failed to assert any claim against Thurston, and the amended complaint failed under Rule 12(b)(6).

As the circuit court correctly found, the duty to obtain the correct number of signatures remained Blackburn's alone.

In *Whitfield v. Thurston*, 468 F. Supp. 3d 1064 (E.D. Ark. 2020), a case relied on by the circuit court, the Eastern District of Arkansas rejected an as-applied challenge to the constitutionality of section 7-7-103. In analyzing the statute's constitutionality, the court first considered "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate." *Id.* at 1078 (citing *Moore v. Martin*, 854 F.3d 1021, 1025 (8th Cir. 2017)).

> For independent candidates, this burdensomeness question considers whether a reasonably diligent independent candidate could be expected to satisfy the signature requirements.
>
> Additionally, when a state promulgates a regulation which imposes a severe burden on individuals' constitutional rights, that regulation will only be upheld if it is narrowly drawn to advance a state interest of compelling importance. In those instances, the State of Arkansas bears the burden of showing that the challenged statutes are narrowly drawn to serve the State's compelling interest. Lesser burdens, however, trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions.

*Id.* at 1079 (internal quotations omitted). The plaintiffs in *Whitfield* argued that the statutory signature requirement, the limited time for collecting signatures, and the "unique effect of the coronavirus on petitioning" made ballot access for independent candidates severely burdensome. *Id.* at 1083–84. The court determined that the pandemic and the State's response to it hindered the plaintiffs' efforts to successfully collect all qualifying signatures in the ninety-day window, but it declined to characterize that burden as substantial. *Id.* at 1093.

Here, Blackburn has failed to allege that his ballot access was severely burdened. In fact, he has identified no specific constitutional provision—state or federal—that was

8

violated. Instead, he asserts that the circumstances here are analogous to entrapment in a criminal case. Blackburn failed to advance his entrapment argument below, and we do not consider it for the first time on appeal. *See Cox v. Miller*, 363 Ark. 54, 63, 210 S.W.3d 842, 847 (2005). Liberally construing the amended complaint, we conclude that Blackburn has failed to plead facts showing that he is entitled to relief. Accordingly, we hold that the circuit court did not abuse its discretion by dismissing the amended complaint, and we affirm the dismissal orders.

## B. Dismissal with Prejudice

Finally, Blackburn argues that even if dismissal was appropriate, it should have been without prejudice. It is well established that when a complaint is dismissed under Rule 12(b)(6) for failure to state facts upon which relief can be granted, the dismissal should be without prejudice so that the plaintiff may elect whether to plead further or appeal. *Malone v. Trans-States Lines, Inc.*, 325 Ark. 383, 386, 926 S.W.2d 659, 661 (1996). Here, Blackburn was not able to elect whether to plead further or appeal because his amended complaint was dismissed with prejudice. *Id.*, 926 S.W.2d at 661. Thus, although we affirm the dismissal orders, we modify them to reflect that the dismissals are without prejudice.

Affirmed as modified.

BAKER, J., concurs.

WOMACK, J., concurs in part and dissents in part.

Mandate to issue immediately.

**SHAWN A. WOMACK, Justice, concurring in part and dissenting in part.** I agree the circuit court abused its discretion when it dismissed Blackburn's claims against the

9

county defendants with prejudice. However, because our constitution bars Blackburn's claims against the Secretary of State, the circuit court properly dismissed the claims against the Secretary with prejudice. Ark. Const. art. 5, § 20. The detail and depth of the allegations against the Secretary of State are irrelevant in this case; he is entitled to the protections of article 5, section 20 by virtue of his position as a state actor. *Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 396 S.W.3d 319, 327 (Womack, J., dissenting).

*Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Maryna Jackson*, Sr. Ass't Att'y Gen., for appellee John Thurston, in his official capacity as Arkansas Secretary of State.

*Jason Owens Law Firm, P.A.*, by: *Michael A. Mosley*, for Lonoke County appellees.