Cite as 2025 Ark. App. 423

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-24-177

| | |
|---|---|
| CAROL J. METZNER AND ERNIE METZNER, HER HUSBAND; ROBERT WAYNE FORNASH AND CHRISTY L. FORNASH, HUSBAND AND WIFE; BRADLEY S. FORNASH, A SINGLE PERSON; AND MELANIE A. TIPTON AND ROBBY TIPTON, HER HUSBAND<br>APPELLANTS | Opinion Delivered September 10, 2025<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CV-21-231]<br><br>HONORABLE JERRY DON RAMEY, JUDGE |
| V. | AFFIRMED |
| THE HEIRS AT LAW OF FRED REITER, DECEASED, AND ONEDA CHAMBLISS REITER, HIS WIFE, DECEASED; AND THE HEIRS AT LAW OF MARY REITER NOLL, DECEASED, AND FRANK LAWRENCE NOLL, HER HUSBAND, DECEASED; INCLUDING, BUT NOT LIMITED TO: RENAE REITER AND SPOUSE (IF ANY); BILLY REITER AND SPOUSE (IF ANY); AND JIMMY REITER AND SPOUSE (IF ANY); LORI ARMSTRONG AND BRIAN ARMSTRONG, HER HUSBAND; HEATHER ELKINS AND TYLER ELKINS, HER HUSBAND; AND SARAH MEADERS AND ROBERT MEADERS, HER HUSBAND; JOSEPH D. REITER, JR., AND LINDA REITER, HIS WIFE; FREDONA REITER AND HER UNKNOWN HEIRS; | |

RUTH REITER SHIPMAN AND HER
UNKNOWN HEIRS;
PATRICIA NOLL LACHOWSKY AND
LARRY LACHOWSKY, HER
HUSBAND; HELEN NOLL, A SINGLE
PERSON; FRANK NOLL, A SINGLE
PERSON; NICKOLAS NOLL, A SINGLE
PERSON; RITA NOLL LEE AND JOE
LEE, HER HUSBAND; AND PAULA
NOLL CORNETT AND ROGER
CORNETT, HER HUSBAND;
HAROLD ZIMMERMAN, A SINGLE
PERSON; PAUL ANDREWS AND
LEANN ANDREWS, HIS WIFE; MARK
ANDREWS AND SUE ANDREWS, HIS
WIFE; HAROLD ZIMMERMAN AND
KATHY ZIMMERMAN, HIS WIFE;
GERALD ZIMMERMAN AND JANEY
ZIMMERMAN, HIS WIFE;
MARY JANE WOFFORD, A SINGLE
PERSON; RALPH NOLL, A SINGLE
PERSON; AND DENISE LASOWSKI
AND JAMES LASOWSKI, HER
HUSBAND

APPELLEES

**MIKE MURPHY, Judge**

This is an appeal from a motion to dismiss. Appellants petitioned to quiet title land by adverse possession from their cotenants, appellees. In response to the petition, appellees filed a motion to dismiss for failure to state a claim pursuant to Arkansas Rule of Civil Procedure l2(b)(6). The Conway County Circuit Court granted appellees' motion and dismissed appellants' complaint without prejudice. A week later, appellants filed a motion for reconsideration; it was deemed denied on January 18, 2024. In this one-brief appeal, appellants argue that they pleaded sufficient facts to support a claim for adverse possession

2

by a cotenant, and they also contend the court used the wrong standard in dismissing the case. We affirm.

This case involves the ownership of eighty acres of real property located in Conway County. The appellants are the heirs of Herbert Reiter. Herbert's father was Leonard Reiter. Leonard had several children. Over time, Herbert Reiter acquired title from all of Leonard's heirs, except for the heirs of Fred Reiter and Marie Reiter Noll (referred to herein as "appellees").

Appellants alleged the following in their amended response to the motion to dismiss and the amended petition to quiet and confirm title:

(a) [Appellants'] predecessor in title, Herbert Reiter, acquired title to a portion of the subject property by way of a patent from the United States of America in 1957.

(b) The Estate of Herbert Reiter listed a portion of the subject property as his in an Inventory of his Estate.

(c) Herbert Reiter, in 1933, went into possession of the property and built and maintained a home place on the property.

(d) Herbert Reiter and [appellants] have assessed and paid real property taxes on the subject property for many years.

(e) Herbert Reiter and [appellants] leased the property and received rents on same.

(f) Herbert Reiter and [appellants] made improvements on the property.

(g) [Appellants] have conveyed a portion of the subject property to third parties.

(h) Herbert Reiter and [appellants] have insured improvements on the property.

(i) Herbert Reiter and [appellants] have raised cattle on the property, and maintained fences around same.

3

(j)   Herbert Reiter and [appellants] have treated the property as their own.

In dismissing appellants' complaint, the circuit court found that appellants failed to give actual notice to the other tenants in common that their possession was adverse. Appellants now appeal, asking us to reverse and remand.

The standard of review for granting a motion to dismiss is whether the circuit court abused its discretion. *Blackburn v. Lonoke Cnty. Bd. of Election Comm'rs*, 2022 Ark. 176, at 5, 652 S.W.3d 574, 578–79. In making that determination, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Id.* We construe the pleadings liberally and resolve all reasonable inferences in favor of the complaint. *Id.* However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.* We treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation. *Id.*

The establishment of title to real property through adverse possession is governed by both statutes and case law. *In re Est. of Slaughter*, 2021 Ark. 199, at 7, 632 S.W.3d 746, 750. To succeed on a claim for adverse possession, a petitioner must show by a preponderance of the evidence that he or she possessed the disputed property continuously for seven years and that the petitioner's possession was actual, open, continuous, hostile, exclusive, and accompanied by an intent to hold adversely and in derogation of the true owner. *Id.* In 1995, the Arkansas General Assembly added as a requirement for proof of adverse possession an

4

element that the claimant must prove color of title and payment of taxes on the contiguous property for seven years. Ark. Code Ann. § 18-11-106 (Repl. 2015).

The requirements of adverse possession are more stringent for a cotenant and require stronger evidence. *Ueltzen v. Roe*, 242 Ark. 17, 21, 411 S.W.2d 894, 896 (1967). Because possession by a cotenant is not ordinarily adverse to other cotenants, each having equal right to possession, a cotenant must give actual notice to other cotenants that his possession is adverse to their interests or commit sufficient acts of hostility so that their knowledge of his adverse claim may be presumed. *Slaughter*, 2021 Ark. 199, at 7, 632 S.W.3d at 750. The statutory period of time for an adverse-possession claim does not begin to run until such knowledge has been brought home to the other cotenants. *Id.*

On appeal, appellants first argue that they pleaded they had performed numerous actions that should have put appellees on notice that appellants were holding the land adversely to appellees' interests. In acknowledging that they did not provide verbal notice of hostile intentions to the other cotenants, appellants rely on *Hirsch v. Patterson*, 269 Ark. 532, 601 S.W.2d 879 (1980).

In *Hirsch*, the Patterson family had paid property taxes on the disputed land since 1941 without any contribution from the Hirsch family, the cotenant. They also executed oil and gas leases, sold timber, and allowed various groups to use the property, all without sharing proceeds or seeking approval from the Hirsches. The property was known locally as the "Patterson Estate." When Henry Hirsch, the appellants' predecessor, approached the Pattersons about selling his interest in the late 1950s and early 1960s, he was informed that

5

the Pattersons believed he no longer had an interest in the property. Despite this, Henry Hirsch did not attempt to reimburse the Pattersons for his proportionate share of the past taxes nor did he participate in the future tax payments. In holding sufficient evidence supported a finding of adverse possession, the court explained,

> Although such acts of ownership as paying the property taxes on the property for over 35 years, or executing oil and gas leases to the property, or acquiring the entire proceeds from the sale of timber, or granting permission to various groups to use the property, by themselves, do not establish an adverse ownership as to the other cotenants, yet when taken together with Henry Hirsch's silence for at least 15 years after being informed by members of the Patterson family that they felt he no longer had an interest in the property, these acts provide ample evidence to support the finding of adverse possession.

*Hirsch*, 269 Ark. at 536, 601 S.W.2d at 881.

Here, appellants argue it was not dispositive that the Pattersons told Hirsch that they did not believe the other cotenants had an interest in the property. Appellants contend it was simply another factor to consider. We disagree. *Hirsch* holds that acts of ownership can strengthen a claim that is based on actual notice that was given to the other cotenants. The conversation between Patterson and Hirsch was critical to the supreme court's analysis because it was only after the conversation that the next fifteen years of acts supported adverse possession.

Here, appellants have not claimed any facts evidencing that the other cotenants were informed of their adverse possession but instead claimed only acts of ownership. Appellants

do not explain how their level of hostility differentiated from the heightened level required of cotenants.[1]

Accordingly, we agree with the circuit court that appellants have not pleaded sufficient facts to support a claim for adverse possession by a cotenant. The circuit court did not clearly err in dismissing appellants' complaint.

Appellants next argue that the court used the incorrect standard in considering appellees' motion to dismiss. The court's order states, "[Appellants] failed to meet [their] burden of proof." We agree this is not the correct standard. Instead, the trial court is required to take the facts in the complaint as true and determine whether the allegations support the claims.

However, we consider questions of law de novo and will not reverse the circuit court's grant of a motion to dismiss absent an abuse of discretion. *Foster v. Simmons Bank*, 2023 Ark. App. 527, at 7, 680 S.W.3d 42, 48. Appellants' contention that their acts of ownership were sufficient to support their adverse-possession claim is a legal theory. As addressed above, appellants have alleged no facts that show that they either gave direct notice or expressed unequivocal acts of hostility necessary to impute notice to the other cotenants. Further, appellants were not prejudiced or misled by the court's mispronouncement of the standard. Thus, on the basis of our de novo review, the court did not err as a matter of law.

---

[1]We acknowledge appellants' citation to *Jones v. Morgan*, 196 Ark. 1153, 121 S.W.2d 96, (1938), in support of their position; however, this case is from 1938, and our caselaw has since been developed to require more obvious notice of hostile intentions.

Affirmed.

G LADWIN and T HYER, JJ., agree.

*Howard C. Yates, P.A.*, by: *Howard C. Yates*, for appellants.

One brief only.